965 P.2d 191

**In re SRBA Case No. 39576 Sub-Case No. 94-00012 Complaint for Declaratory Judgment Re Ownership of Water Right.**

**Norman RILEY and Robin Riley, husband and wife, Plaintiffs–Appellants,**

v.

**Catherine ROWAN, Defendant–Respondent.**

**No. 24153.**

Supreme Court of Idaho,
Idaho Falls, May 1998 Term.

Aug. 19, 1998.

Anderson, Nelson, Hall and Smith, Idaho Falls, for Plaintiffs-Appellants. Steven R. Parry argued.

Rigby, Thatcher, Andrus, Rigby, Kam & Moeller, Chtd., Rexburg, for Defendant-Respondent. Gregory W. Moeller argued.

WALTERS, Justice.

## NATURE OF THE CASE

This appeal raises a question of water law within the Snake River Basin Adjudication (SRBA). Norman and Robin Riley filed a declaratory judgment action against Catherine Rowan contesting the ownership of a water license issued in the names of two deceased people. After the SRBA district court held that each of the parties was entitled to a one-half interest in the water license, the Rileys appealed. We affirm.

## I. FACTS AND PROCEDURAL BACKGROUND

In 1944, Lucille Howe was deeded a life estate in 756.5 acres of farm land in Madison County. The remainder interests in the farm land were given to her two children, James "Jim" Howe and Catherine Rowan. Thereafter, Jim Howe leased and farmed the land in which he and Rowan held future interests. In 1969, Jim Howe developed a well on the northern portion of the land, and subsequently acquired a water license from the Idaho Department of Water Resources (IDWR) in his name for the north land. The ownership of the water license for the north well is not in dispute.

In 1978, Jim Howe applied for a water permit from the IDWR, under the names of "Lucille W. Howe and/or Jim Howe," to develop a well on the southern portion of the land. The IDWR granted water permit No. 22–07280 for the appropriation of 10.81 cubic feet per second (c.f.s.) of ground water from the southern well. Thereafter, Jim Howe constructed the well and filed a notice of completed development with the IDWR, and he subsequently filed a notice of claim in the SRBA.

Lucille Howe died in 1983, and the farm land passed to Jim Howe and Rowan as

tenants in common in fee simple absolute. In 1988, Jim Howe and Rowan agreed to partition the property. Jim Howe was deeded the northern half of the property with all appurtenances and Rowan was deeded the southern half of the property with all appurtenances. Jim Howe continued to farm his north land and Rowan's southern half under a lease agreement. Jim Howe and Rowan later entered into an agreement in which Jim Howe was granted a one-half interest in the water from the south well, as well as an easement to maintain delivery systems from the south well to his north land.

In 1991, Jim Howe sold all of his water rights, including any rights associated with the well on Rowan's southern portion of the land, to his daughter, Robin Riley, and her husband. The next year, Jim Howe died. After the settlement of Jim Howe's estate, the Rileys filed a notice of change of water right ownership with the IDWR, listing water permit No. 22–07280 as having been split. Consistent with the request, the IDWR split the water permit into 22–07280A and 22–07280B. The original permit for 10.81 c.f.s. was divided into 4.270 c.f.s. to the Rileys and 6.540 c.f.s. to Rowan.

On August 16, 1993, Rowan filed a declaratory judgment action against the Rileys, asking the court to determine the parties' rights and obligations as they related to the ownership of the south well, the responsibility for certain debt, and the ownership of water right No. 22–07280. The district court determined that it did not have subject matter jurisdiction to hear any water law issues. The parties then sought a determination from the IDWR regarding the ownership of the permit and whether a license should be issued.

The IDWR granted the license and named as owners of the license, Lucille Howe and Jim Howe, both deceased. Subsequently, the Rileys filed a declaratory judgment action in the SRBA regarding the ownership of the water rights. In its memorandum decision, the SRBA district court awarded both Rowan and the Rileys a one-half interest in water license No. 22–07280. The Rileys appealed.

On appeal, the Rileys assert that the SRBA district court erred in holding that Rowan has an ownership interest in water right No. 22–07280. In particular, the Rileys contend that the SRBA district court erred in determining that (1) Jim Howe and Rowan held vested remainder interests prior to the death of their mother as a result of the 1944 deed; (2) Jim Howe owed a fiduciary duty to Rowan which prohibited him from acquiring a water permit in his own behalf; (3) the IDWR breached its statutory duty to issue a water license, which resulted in the water permit becoming a license on the date that proof of beneficial use was submitted; and (4) the bill of sale entered into between Jim Howe and the Rileys did not convey ownership of the water permit to the Rileys.

## II. DISCUSSION

### A. Standard of Review.

■■■ This Court must defer to findings of fact based upon substantial evidence, but will review freely the conclusions of law reached by stating legal rules or principles and applying them to the facts found. *Sun Valley Shamrock Resources, Inc. v. Travelers Leasing Corp.,* 118 Idaho 116, 118, 794 P.2d 1389, 1391 (1990). Accordingly, we exercise free review over the district court's conclusions of law. *Kawai Farms, Inc. v. Longstreet,* 121 Idaho 610, 613, 826 P.2d 1322, 1325 (1992).

### B. Whether the SRBA District Court Erred in Holding that Rowan has a One–Half Ownership Interest in Water License No. 22–07280.

The Rileys initially contend that the SRBA district court erred in determining that the 1944 deed violated the provisions of Idaho Code § 55–111, and by holding that the childrens' remainder interests were vested remainders. Instead, the Rileys assert that Jim Howe and Rowan held contingent remainders until Lucille Howe's death. We agree and conclude that Jim Howe and Rowan held contingent remainders at the time the water permit was applied for and until the time when Lucille Howe died.

■■■ The granting language of the 1944 deed provides:

[F]or the term of her [Lucille Webster Howe's] natural life (that is to say, a life estate) and at her death remainder over in fee to her children, share and share alike, without restriction, the land hereinafter described. Provided, however, that if any of the children of the said Lucille Webster Howe die without issue, then their pro rata share shall pass to their surviving brothers and sisters, share and share alike, in fee. If any of them die leaving issue, then their issue shall share by the right of representation in fee.

The deed clearly only refers to Lucille Howe's interest as a life estate, and the remainder interests pass at Lucille Howe's death. Thus, it is at Lucille Howe's death that the remainder interests pass in fee, without restriction, and the identity of the remaindermen is determined. These remainder interests vest upon Lucille Howe's death. Thus I.C. § 55–111, which requires the remainder interest to vest or fail within twenty-five years of Lucille Howe's death, has been met. Consequently, until Lucille Howe's death the parties held contingent remainders, which were contingent upon each surviving Lucille Howe.

■ Having determined that Jim Howe and Rowan held contingent remainders at the time the water permit was applied for, the next question becomes whether Jim Howe acquired an interest in the water permit to the exclusion of Rowan. The district court held that the only interest Jim Howe had in the permit was identical to that of Rowan; thus at the time of Lucille Howe's death, Jim Howe and Rowan became co-owners of the permit. The evidence indicated that Jim Howe "acknowledged that the permit application was intended to benefit the complete set of farm owners, not just himself. When he filed the application in his and Lucille's names, he did not intend to disavow Catherine Rowan's ownership interest." Furthermore, both the application for the permit and the notice of claim were filed when Jim Howe was acting as manager of the farm and did not create a separate interest in the water permit to the exclusion of Rowan. The district court determined that following the parties' decision to partition the property, Jim Howe and Rowan entered into

an agreement in which it was "Jim Howe's clear, unambiguous agreement and understanding that the permitted interest in the 'south well' was shared with Catherine Rowan." We conclude that sufficient evidence supports the district court's decision that Jim Howe did not acquire an interest in the water permit prior to Lucille Howe's death.

■ Jim Howe's only interest in the water permit was the one-half interest he obtained following Lucille Howe's death and the partition of the property. The bill of sale Jim Howe entered into with the Rileys could transfer no more than Jim Howe owned. Accordingly, we conclude that after the water permit became water license No. 22–07280 the Rileys and Rowan were each entitled to a one-half interest.

With respect to whether Jim Howe owed a fiduciary duty to Rowan, we need not address this issue because Jim Howe never acquired an interest in the water permit to the exclusion of Rowan. Additionally, having determined that Jim Howe and Rowan were tenants in common, each owning a one-half interest in water license No. 22–07280, we decline to address whether the IDWR breached its statutory duty by delaying the issuance of the license. Regardless of when the IDWR issued the licence, Jim Howe and Rowan each owned a one-half interest prior to Jim Howe subsequently selling his interest to the Rileys.

### III. CONCLUSION

Although we conclude that the district court was incorrect in determining that Jim Howe and Rowan held vested remainders when the permit was applied for, we nevertheless affirm the district court's conclusion. Thus, for the above stated reasons, we affirm the SRBA district court's decision that each of the parties is entitled to a one-half interest in water license 22–07280. Costs on appeal to the respondent. No attorney fees are awarded on appeal.

TROUT, C.J., and JOHNSON, SILAK and SCHROEDER, JJ., concur.