# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 34253

KATHLEEN BARMORE, )
)
                Plaintiff-Appellant, )
)
v. )
)
JOSEPH PERRONE, )
)
                Defendant-Respondent. )
)
)

Boise, January 2008 term

Opinion No. 26

Filed: February 15, 2008

Stephen W. Kenyon, Clerk

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Hon. D. Duff McKee, District Judge.

The decision of the magistrate court is <u>vacated</u> and this case is <u>remanded</u> for further proceedings. No attorney's fees are awarded to either party. Costs are awarded to respondent.

Marcus, Christian & Hardee, LLP, Boise, for appellant. Michael Christian argued.

J. E. Sutton & Associates, Boise, for respondent. John Sutton argued.

W. JONES, Justice

## I. FACTS

On April 23, 2005, Perrone signed a quitclaim deed purportedly conveying real property located in Star, Idaho to his then-wife Kathleen Barmore. On September 30, 2005, Barmore sought to annul their marriage. Perrone filed his answer on November 18, 2005.

Barmore moved for partial summary judgment on the issue of whether the relevant Star property was hers. Counsel for Perrone failed to appear to contest the motion and did not file a brief or affidavit in opposition to the motion.[1] The magistrate court granted Barmore's motion.

---

[1] The parties seem to agree that counsel may have failed to appear due to illness. Rule 11(a)(2)(B) permitted counsel to move for reconsideration regardless.

1

Perrone moved for reconsideration based on I.R.C.P. 11(a)(2)(B) on April 4, 2006, arguing that the sole purpose of the quitclaim deed was to avoid probate, and not unconditionally presently to convey the property to Barmore[2]. The motion was denied on May 16, 2006.

Perrone appealed to the district court, which reversed the magistrate court's decision.

The quitclaim deed from Perrone to Barmore reads as follows:

For Value Received, Joseph Perrone, husband of grantee, do(es) hereby convey, release, remise, and forever quit claim unto Kathleen Barmore, a married person as her sole and separate property, whose address is 4244 N. Cowboy Lane, Star, ID 83669, , (sic) the following described premises in Ada County, Idaho, to-wit:

Lot 13 in Block 1 of MONUMENT RIDGE RANCH SUBDIVISION, according to the plat thereof, filed in Book 63 of Plats at Pages 6335 and 6336, Records of Ada County, Idaho, AMENDED by Affidavit recorded June 15, 1994, as Instrument No. 94056026.

APN: R5782850130

Together with their appurtenances.

Perrone maintained that the reason he quitclaimed the property to Barmore was to avoid probate and not to presently convey title to the property. In Perrone's "Affidavit in Support of Motion to Reconsider," he stated that he quitclaimed the house "to my wife to avoid probate due to my hazardous occupation." The two apparently previously had engaged in a similar transaction with regard to a home in Simi Valley, California, where the home was quitclaimed to Barmore and eventually sold and the parties used the proceeds to obtain the property at issue in this case.

## II. STANDARD OF REVIEW

"When reviewing a decision of the district court acting in its appellate capacity, the Supreme Court will review the record and the magistrate court's decision independently of, but with due regard for, the district court's decision." *State v. Heredia*, 144 Idaho 95, __, 156 P.3d 1193, 1195 (2007). This Court freely reviews issues of law. *Riley v. Rowan*, 131 Idaho 831, 833, 965 P.2d 191, 193 (1998).

## III. ANALYSIS

---

[2] Perrone's position was the conveyance was to occur on his death, with the expectation this process would avoid probate. Whether the scheme would have been successful is not relevant to the present case.

### Perrone did not fail to preserve for appeal the issue of whether he intended a present conveyance of the property.

Barmore asserts that Perrone failed to preserve for appeal the issue of his intent, or lack thereof, to make a present conveyance of the property.

In support of her position that Perrone failed to preserve an issue for appeal, Barmore sets forth the following four arguments:

1) Because Perrone did not respond to Barmore's motion for partial summary judgment by submitting affidavits or a brief, the magistrate court properly refused to allow Perrone to submit an affidavit on the motion for reconsideration describing his intent in executing the relevant deed.

2) Perrone did not argue to the district court that the magistrate court, in declining to admit his affidavit, abused its discretion under Rule 56(c). He therefore waived that issue on appeal, which means that his appeal lacked a factual basis and consequently the district court erred by not dismissing the appeal.

3) None of the arguments raised to the magistrate court was made to the district court, and as a result the new arguments should not have been considered by the district court.

4) Perrone did not preserve for appeal the issues raised in the motion for reconsideration because he did not submit a brief in response to Barmore's motion for partial summary judgment.

None of Barmore's arguments prevails.

"A litigant may not remain silent as to claimed error during a trial and later urge his objections thereto for the first time on appeal." *Hoppe v. McDonald,* 103 Idaho 33, 35, 644 P.2d 355, 357 (1982). In addition, "[s]ubstantive issues will not be considered the first time on appeal." *Crowley v. Critchfield*, 2007 WL 4245905 at *3 (Idaho, Dec. 5, 2007). "The longstanding rule of this Court is that we will not consider issues that are raised for the first time on appeal." *Id.*

The magistrate court's order granting partial summary judgment to Barmore on April 13, 2006, occurred before the court entered a final judgment on June 19, 2006. It therefore was an interlocutory order. The court erred in refusing to allow Perrone to submit an affidavit on the motion for reconsideration describing his intent in executing the relevant deed because the

3

motion for reconsideration was specifically under Idaho Rule of Civil Procedure 11(a)(2)(B) which states that:

> A motion for reconsideration of any interlocutory orders of the trial court may be made at any time before the entry of final judgment but not later than fourteen (14) days after the entry of the final judgment. A motion for reconsideration of any order of the trial court made after entry of final judgment may be filed within fourteen (14) days from the entry of such order; provided, there shall be no motion for reconsideration of an order of the trial court entered on any motion filed under Rules 50(a), 52(b), 55(c), 59(a), 59(e), 59.1, 60(a), or 60(b).

In *Coeur d'Alene Mining Co. v. First National Bank of North Idaho*, 118 Idaho 812, 800 P.2d 1026 (1990), this Court discussed the difference between a Rule 59(e) motion to amend a judgment and a Rule 11(a)(2)(B) motion for reconsideration of an interlocutory order granting summary judgment:

> A Rule 59(e) motion to amend a judgment is addressed to the discretion of the court. An order denying a motion made under Rule 59(e) to alter or amend a judgment is appealable, but only on the question of whether there has been a manifest abuse of discretion. Rule 59(e) proceedings afford the trial court the opportunity to correct errors both of fact or law that had occurred in its proceedings; it thereby provides a mechanism for corrective action short of an appeal. Such proceedings must of necessity, therefore, be directed to the status of the case as it existed when the court rendered the decision upon which the judgment is based.

> However, we view the function of the trial court to be different when presented with a motion for reconsideration of an interlocutory order pursuant to I.R.C.P. 11(a)(2)(B). When considering a motion of this type, the trial court should take into account any new facts presented by the moving party that bear on the correctness of the interlocutory order. The burden is on the moving party to bring the trial court's attention to the new facts. We will not require the trial court to search the record to determine if there is any new information that might change the specification of facts deemed to be established.

*Id.* at 823, 800 P.2d at 1037 (quoting *Lowe v. Lym*, 103 Idaho 259, 263, 646 P.2d 1030, 1034 (Ct. App. 1982)).

Since Perrone did contest Barmore's motion for summary judgment on the motion for reconsideration and the Perrone affidavit should have been admitted on the motion for reconsideration, Barmore's first argument that Perrone failed to preserve the issue by not contesting the summary judgment fails. Additionally, Perrone argues that "[n]owhere in the

4

record on appeal to this court is there any evidence that Barmore ever made a motion to dismiss Perrone's district court appeal. Barmore did not respond to this argument in her reply brief. Thus, Barmore's second and third arguments fail because they apparently were not raised in the district court and "an issue not raised in an intermediate appeal will not be decided by a higher court." *Craven v. Doe*, 128 Idaho 490, 493, 915 P.2d 720, 723 (1996). Finally, the holding in *Coeur d'Alene Mining Co. v. First National Bank of North Idaho,* 118 Idaho 812, 800 P.2d 1026 (1990), disposes of Barmore's fourth argument that Perrone did not preserve for appeal the issues raised by the motion for reconsideration because he had not opposed Barmore's motion for partial summary judgment. *Coeur d'Alene Mining* specifically holds that the trial court should consider new evidence when presented on a Rule 11(a)(2)(B) motion for reconsideration.

### The parol evidence rule does not bar admission of evidence of Perrone's intent

The issue therefore is whether the parol evidence rule bars admission of evidence of Perrone's intent.

A deed "does not take effect as a deed until delivery with intent that it shall operate. The intent with which it is delivered is important. This restricts or enlarges the effect of the instrument." *Bowers v. Cottrell*, 15 Idaho 221, 228, 96 P. 936, 938 (1908) (internal quotations omitted). In addition, "[e]ven where the grantee is in possession of the deed, though that may raise a presumption of delivery, still it may be shown by parol evidence that a deed in possession of the grantee was not delivered." *Id.* (internal quotations omitted). The "controlling element in the question of delivery" is the intention of the grantor and grantee. *Id.* "The question of delivery is one of intention, and the rule is that a delivery is complete when there is an intention manifested on the part of the grantor to make the instrument his deed." *Id.* (internal quotations omitted). "[T]he real test of the delivery of a deed is this: Did the grantor by his acts or words, or both, intend to divest himself of title? If so, the deed is delivered." *Estate of Skvorak*, 140 Idaho 16, 21, 89 P.3d 856, 861 (2004) (internal quotation omitted).

"It is beyond controversy that the evidence of delivery must come from without the deed. In other words, a deed never shows upon its face nor by the terms thereof a delivery, and parol evidence thereof must necessarily be admitted when the question of delivery arises." *Whitney v. Dewey*, 10 Idaho 633, 655, 80 P. 1117, 1121 (1905).

5

Since delivery of a deed is necessary for the deed's validity, any evidence is admissible if it indicates the absence of delivery. Therefore, the parol evidence rule does not bar admission of evidence used for the purpose of determining whether delivery of the relevant deed occurred.

However, Barmore argues that Perrone has raised this issue for the first time on appeal, and that it therefore was not preserved for appeal. Barmore is incorrect. Perrone argued to the magistrate court that the intent necessary to effect conveyance of the deed was lacking:

> It is therefore unequivocally clear that Mr. Perrone neither intended a gift or to transmute, presently, his interest in the Star, Idaho property. . . . Mr. Perrone clearly never intended to either gift or transmute his current interest in the Star, Idaho property but rather to duplicate the Simi Valley, California property (where a quitclaim deed was executed between Mr. Perrone and Mrs. Barmore) and where the proceeds were used to obtain the community property residence in Star, Idaho where again Mr. Perrone executed a Quitclaim deed to Mrs. Barmore that would only become effective upon his demise, not upon her request for divorce. To validate a transmutation upon these circumstances permits one party to mislead the other party and unfairly gain ownership of property that clearly never intended (sic) to be immediately transmuted.

Defendant's Memorandum in Support of Motion to Reconsider, at pp. 4, 6.

That argument is identical to an argument that delivery was lacking, since Idaho law has made clear that "delivery" and "intent to convey immediately" are synonymous terms. Barmore's argument is akin to arguing that one could not maintain on appeal that a contract was invalid for want of consideration, even though it had been argued below that no bargained-for legal detriment had occurred. The argument that a contract involved no bargained-for legal detriment is identical to the argument that a contract lacked consideration. Likewise, an argument that a deed lacked the intent necessary to be effective is identical to an argument that delivery never occurred. The issue therefore was raised below.

Finally, Barmore argues that this case is identical to *Bliss v. Bliss*, 127 Idaho 170, 898 P.2d 1081 (1995), a factually similar but meaningfully distinguishable case. *Bliss* involved the division of property in a divorce proceeding. Prior to the divorce, husband conveyed to wife the deed to a forty-eight acre ranch. *Id*. at 174, 898 P.2d at 1085. On appeal, he argued that the deed lacked consideration and therefore would have to qualify as a gift; however, he argued, she failed to demonstrate that the property was a gift. His intent, he claimed, was to prevent the I.R.S. from seizing the property in order to satisfy his debts. This Court refused to consider the evidence regarding the husband's intent, because doing so would have contradicted the deed's plain

6

language.  This ruling was correct because husband was not challenging the validity of the deed itself or that he intended to convey the property, i.e., deliver the deed, but instead challenged only the purpose for delivering the deed, attempting to contradict the plain language of the deed. This Court specifically noted that the deed "constituted a valid conveyance of legal title to real property." *Id.*

Because a defect in the deed's validity or delivery was not alleged, this Court rightly refused to consider evidence extrinsic to the unambiguous deed.  Here, though, Perrone *is* challenging the delivery of the deed, and therefore extrinsic evidence should be permitted.  The parol evidence rule therefore does not bar admission of evidence regarding Perrone's intent in executing the deed.

### Barmore is not entitled to attorney's fees

Barmore argued that she was entitled to attorney's fees on appeal; however, because she did not prevail on appeal, she is not entitled to attorney's fees on appeal.

## IV.  CONCLUSION

For the foregoing reasons, we vacate the magistrate court's grant of partial summary judgment, and remand the case for further proceedings consistent with this opinion.  Costs are awarded to Perrone and no attorney fees are awarded to either party.

Chief Justice EISMANN, Justices BURDICK, J. JONES AND HORTON, **CONCUR.**

7