200 P.3d 1180

**PHH MORTGAGE SERVICES CORP., its successors and/or assigns, Plaintiff–Counterdefendant–Respondent,**

**v.**

**Timothy A. PERREIRA, Anna M. Perreira, and Mavis M. Anestos, Defendants–Counterclaimants–Appellants,**

**and**

**Does I through X, inclusive, Defendants.**

**No. 34764.**

Supreme Court of Idaho,
Twin Falls, November 2008 Term.

Jan. 30, 2009.

632

Robinson & Associates, Rupert, for appellants. Brent T. Robinson argued.

Just Law Office, Idaho Falls, for respondent. Kipp Manwaring argued.

EISMANN, Chief Justice.

This is an appeal from a partial judgment ejecting the defendants from real property sold at a foreclosure sale and dismissing some of the counterclaims of two defendants. Because there are issues of fact as to whether the plaintiff was the owner of the property and one of the defendants was not served with a summons and complaint, we vacate the judgment.

## I. FACTS AND PROCEDURAL HISTORY

On March 12, 1999, Timothy and Anna Perreira (Perreiras) and Anna's mother, Mavis A. Anestos (Anestos), purchased a parcel of land in Minidoka County. In connection with that purchase, they executed a promissory note in the sum of $130,500 payable to U.S. Bank National Association (U.S.Bank). To secure payment of the note, they also executed a deed of trust on the land. U.S. Bank assigned the beneficial interest in the deed of trust to Cendant Mortgage Corporation (Cendant) and/or PHH Mortgage Services Corp. (PHH) by assignment recorded on August 14, 2000.

The Perreiras and Anestos defaulted in their obligations under the promissory note. Cendant noticed a non-judicial foreclosure sale for February 20, 2003. On February 10, 2003, it issued a warranty deed conveying the property to Federal National Mortgage Association (Fannie Mae), and that deed was recorded on February 25, 2003. The foreclosure sale was conducted on February 20, 2003, and the next day the trustee, Charles Just, issued a trustee's deed conveying the property to Cendant. The foreclosure sale appears to have violated the automatic stay of 11 U.S.C. § 362 with respect to Anestos's interest in the property,[1] and it may have violated the automatic stay with respect to the Perreiras' two-thirds interest in the property.[2] On October 9, 2002, Anestos had filed a Chapter 13 bankruptcy, and it was not dismissed until September 7, 2004.

At some point, the Perreiras filed a petition in bankruptcy. On May 3, 2004, Cendant obtained relief from the automatic stay in that bankruptcy, permitting it to foreclose on the property. On April 4, 2005, Anestos filed another Chapter 13 petition in bankruptcy. She died on July 27, 2005, and her bankruptcy was dismissed by order dated September 22, 2005, on the ground that "the debtor was deceased and there were no family members willing to step forward and complete the Chapter 13."

On October 13, 2005, five notices of the foreclosure sale scheduled for July 21, 2006, were sent by certified mail to 460 South 850 West, Heyburn, Idaho 83336, and addressed to "Mavis M. Anestos," "Parties in Possession," "Spouse of Mavis M. Anestos," "Timothy A. Perreira," and "Anna M. Perreira." All five letters were returned by the post office as unclaimed. At that time, no probate proceedings had been instituted regarding Anestos's estate. On July 21, 2006, the Perreiras filed a lawsuit seeking to block the trustee's sale. Their request for an injunction was denied, and the lawsuit was later dismissed for inactivity.

The trustee's sale occurred on July 21, 2006, and the only bid was PHH's credit bid.

1. The record does not reflect whether Cendant had obtained an order lifting the automatic stay to permit the foreclosure sale.

2. Anestos owned only an undivided one-third interest in the property. However, during the 115-day period following the recording of the notice of default under the deed of trust, she had the right to prevent the foreclosure sale of both her and the Perreiras' interests by curing the default as provided in Idaho Code § 45–1506(12). That right would be property of the bankruptcy estate under 11 U.S.C. § 541, and it would be entitled to the protections of the automatic stay. *In re Bialac,* 712 F.2d 426 (9th Cir.1983). The record on appeal does not show whether the foreclosure sale occurred during that 115–day period in violation of the automatic stay.

On July 25, 2006, Charles Just, as Trustee, issued a trustee's deed conveying the property to PHH.

On August 7, 2006, U.S. Bank sent the Perreiras a written demand that they vacate the property within fifteen days. The record does not reflect what interest, if any, U.S. Bank had in the property at that time or why it, rather than PHH, would be demanding possession of the property.

On September 23, 2006, PHH filed this action to obtain possession of the property. PHH named the Perreiras and Anestos as defendants. On April 23, 2007, the Perreiras filed an answer and counterclaim. No probate proceedings had yet been commenced regarding the estate of Anestos.

On May 9, 2007, PHH moved for summary judgment on the issues raised in the complaint and counterclaim. In response, the Perreiras argued, among other things, that PHH had breached the covenant of good faith and fair dealing by failing to provide the Perreiras with an accurate accounting of the amounts owed, that the record showed that Fannie Mae owned the property, and that PHH should be judicially estopped from gaining possession of the property.

On July 24, 2007, the district court heard the motion for summary judgment, and on August 23, 2007, it entered a memorandum decision and order granting the motion in part. On October 1, 2007, it entered a partial judgment awarding possession of the real property to PHH and giving the "defendants" thirty days within which to vacate the real property and to remove all of their personal property. The partial judgment did not state whether it was applicable only to the Perreiras or also included the interest of the Estate of Mavis M. Anestos (Estate). The judgment also stated that the only issue remaining to be litigated was the Perreiras' claim that "Cendant has refused to reimburse the defendants certain amounts for insurance payments that were improperly taken from the defendants." The court certified the partial judgment as final pursuant to Rule 54(b) of the Idaho Rules of Civil Procedure.

On October 15, 2007, the Perreiras filed a motion for reconsideration. In support of that motion, they filed affidavits presenting new evidence that had not been in the record before the district court when the motion for summary judgment was argued. By order entered on October 31, 2007, the court denied the motion.

On October 30, 2007, the Estate appeared in this action by filing an answer and counterclaim. Probate proceedings had been commenced on May 29, 2007, with the filing of an application for the informal probate of her will and appointment of a personal representative. By order entered on May 29, 2007, Anna Perreira had been appointed as the personal representative of the Estate.

On November 5, 2007, the Perreiras and the Estate timely filed a notice of appeal.

## II. ISSUES ON APPEAL

1. Did the district court err in refusing to consider the new evidence presented by the Perreiras in support of their motion for reconsideration?

2. Did the district court err in holding that PHH was the owner of the real property?

3. Did the district court err in holding that PHH was not required to render an accounting to the Defendants?

4. Did the district court err in holding that PHH was not judicially estopped from obtaining possession of the property?

5. Did the district court err in holding that PHH was a good-faith purchaser at the foreclosure sale?

6. Did the district court err in granting summary judgment on the Perreiras' claim regarding alleged truth in lending violations?

7. Is any party entitled to an award of attorney fees on appeal?

## III. ANALYSIS

### A. Did the District Court Err in Refusing to Consider the New Evidence Presented by the Perreiras in Support of their Motion for Reconsideration?

On August 23, 2007, the district court entered its order granting PHH summary judg-

ment against the Perreiras, and on October 1, 2007, it entered a partial judgment certified as final pursuant to Rule 54(b) of the Idaho Rules of Civil Procedure. On October 14, 2007, the Perreiras filed a "Motion for Reconsideration and to Amend Judgment." They also filed three affidavits seeking to add new evidence to the record before the district court.

The new evidence that the Perreiras wanted the district court to consider dealt with two issues raised by the Perreiras in opposition to the motion for summary judgment. First, the Perreiras argued that PHH was not a purchaser in good faith at the foreclosure sale under Idaho Code § 45–1508 because it knew that Anestos was deceased and did not provide notice of the sale to the personal representative of her estate. Idaho Code § 45–1506(3) required that notice of the foreclosure sale be given to the personal representative of the estate of Anestos.

When opposing PHH's motion for summary judgment, the Perreiras had relied upon the copy of the order dismissing Anestos's bankruptcy that PHH had placed in the record. That order recited that "the debtor was deceased." In granting PHH's motion for summary judgment, the district court held that "there is no evidence that PHH was on notice, either actually or constructively, as to the death of Ms. Anestos nor could they have been aware of the appointment of a personal representative since that did not occur until May 2007." The copy of the order dismissing Anestos's bankruptcy that PHH had placed in the record did not include the certificate of service showing that PHH had been mailed a copy of the order on September 25, 2005. The new evidence that the Perreiras sought to provide the court in connection with their motion for reconsideration included a copy of that certificate of service.

Second, the Perreiras argued that PHH was not the owner of the property based upon the Warranty Deed executed on February 10, 2003, by which Cendant purported to convey the property to Fannie Mae. The Perreiras had placed a copy of the first page of that deed in the record in opposition to PHH's motion for summary judgment, but

they had neglected to include the second page which contained the legal description of the property. In its decision granting PHH's motion for summary judgment, the district court rejected the Perreiras' argument because the deed "does not have an attached legal description and there is no showing as to how this instrument is related to the subject premises." In connection with their motion for reconsideration, the Perreiras sought to provide a copy of the second page which contained the legal description.

The district court held that the new evidence could not be considered. In so holding it stated, "When the judgment or order is final and appealable and not an interlocutory order the court in ruling on a motion for reconsideration may not consider new facts."

 Whether or not the district court erred in refusing to consider the new evidence depends upon what the Perreiras wanted the district court to reconsider. The trial court must consider new evidence that bears on the correctness of an interlocutory order if requested to do so by a timely motion under Rule 11(a)(2)(B) of the Idaho Rules of Civil Procedure. *Coeur d'Alene Mining Co. v. First Nat'l Bank of North Idaho*, 118 Idaho 812, 823, 800 P.2d 1026, 1037 (1990). However, the trial court cannot consider new evidence when asked to reconsider a final judgment pursuant to a motion to alter or amend the judgment under Rule 59(e), *id.*, or pursuant to a motion to amend findings of fact or conclusions of law under Rule 52(b), *see Rae v. Bunce*, 145 Idaho 798, 805, 186 P.3d 654, 661 (2008).

The order granting PHH's motion for summary judgment was filed on August 23, 2007, and on October 1, 2007, the partial judgment was filed and certified as final pursuant to Rule 54(b). Because the order granting summary judgment was filed before the final judgment, it was an interlocutory order. *Barmore v. Perrone*, 145 Idaho 340, 343, 179 P.3d 303, 306 (2008). The Perreiras filed their motion for reconsideration on the fourteenth day after entry of the partial judgment. The motion was timely under Rule 11(a)(2)(B) of the Idaho Rules of Civil Procedure for reconsidering an interlocutory or-

der.[3] If the Perreiras' motion asked the district court to reconsider the order granting partial summary judgment, the court was required to consider the new evidence that was relevant to the summary judgment motion. *Coeur d'Alene Mining Co.,* 118 Idaho at 823, 800 P.2d at 1037.

▪ The Perreiras entitled their motion as a "Motion for Reconsideration and to Amend Judgment," and they cited both Rule 11(a)(2) and Rule 52(b) in support of their motion. With respect to Rule 11, they wrote, "Pursuant to Rule 11(a)(2), a party making a motion for reconsideration is permitted to present new evidence." After arguing the significance of the new evidence, the Perreiras concluded by asking that "the Memorandum Decision and Order Re: Motion for Summary Judgment and Motion to Quash and the Partial Summary Judgment should be amended" because PHH was not a good faith purchaser for value and that Fannie Mae was the actual owner of the property. They referred to both the order granting summary judgment and the judgment. Therefore, the district court should have considered the new facts with respect to the motion to reconsider the order granting summary judgment. The right to present new facts in support of a motion for reconsideration of an interlocutory order under Rule 11(a)(2)(B) is not lost by joining it with a motion to amend the findings of fact or conclusions of law under Rule 52(b).

On appeal, however, the Perreiras do not argue that the district court erred in failing to consider the new facts in support of their motion for reconsideration under Rule 11(a)(2)(B). They now agree with the district court that they were not permitted to present new evidence in support of a motion for reconsideration of the order granting summary judgment once the final judgment was entered. On appeal they argue that the district court abused its discretion by certifying the partial judgment as final under Rule 54(b) because by doing so it allegedly prevented the Perreiras from presenting any new facts. According to the Perreiras, "The

District Court should not have certified the partial summary judgment as final until Perreira had an opportunity to provide the information that the Court believed was lacking." Since the Perreiras do not challenge on appeal the district court's erroneous refusal to consider the new evidence in connection with their motion for reconsideration, we will not consider that ruling. Rather, we will only consider the Perreiras' contention that the district court abused its discretion in certifying the partial judgment as final pursuant to Rule 54(b).

▪ "The decision to grant or deny a 54(b) certificate rests in the sound discretion of the trial judge who is best able to evaluate the situation." *Brinkmeyer v. Brinkmeyer,* 135 Idaho 596, 599, 21 P.3d 918, 921 (2001). The Perreiras argue that the district court abused its discretion because, "The District Court should not have certified the partial summary judgment as final until Perreira had an opportunity to provide the information that the Court believed was lacking." The Perreiras not only had an opportunity to present additional evidence to the district court, they did so. The district court simply erroneously refused to consider it. That error does not show an abuse of discretion in granting the Rule 54(b) certification. The Perreiras' argument on appeal is simply based upon their own misunderstanding of Rule 11(a)(2)(B). Their misunderstanding as to that Rule does not show that the district court abused its discretion in certifying the partial judgment as final. Therefore, based upon the argument presented by the Perreiras on appeal, the district court did not err in refusing to consider the new evidence they presented in support of their motion for reconsideration. Such evidence will not be considered when addressing the issues on appeal.

**B. Did the District Court Err in Holding that PHH Was the Owner of the Real Property?**

▪ On February 10, 2003, Cendant executed a warranty deed conveying the proper-

---

**3.** Rule 11(a)(2)(B) of the Idaho Rules of Civil Procedure provides, "A motion for reconsideration of any interlocutory orders of the trial court

may be made at any time before the entry of final judgment but not later than fourteen (14) days after the entry of the final judgment."

ty to Fannie Mae. The Perreiras argued that the deed showed that PHH was not the owner of the property and therefore not entitled to divest the Perreiras of possession. An action for "[e]jectment requires proof of (1) ownership, (2) possession by the defendants, and (3) refusal of the defendants to surrender possession." *Ada County Highway District v. Total Success Investments, LLC,* 145 Idaho 360, 369, 179 P.3d 323, 332 (2008).

In opposition to the motion for summary judgment, the Perreiras filed an affidavit of Anna Perreira to which was attached the first page of the warranty deed from Cendant to Fannie Mae. The first page of the deed stated that the property conveyed was described in "Attached Exhibit 'A'," but the Perreiras neglected to include the attachment. In rejecting the Perreiras' argument that the warranty deed showed that PHH was not the owner of the property, the district court wrote, "They only reference a Special Warranty Deed that does not have an attached legal description and there is no showing as to how this instrument is related to the subject premises." In so ruling, however, the district court did not address the affidavit of Anna Perreira, in which she averred:

> 17. The property was conveyed to Federal Mortgage Association by Special Warranty Deed despite the ongoing bankruptcy of Mavis Anestos. The property was never reconveyed to PHH and the record owner was Federal Nation Mortgage Association until after the most recent foreclosure sale in the summer 2006. A true and correct copy of the Special Warranty Deed is attached as Exhibit E and incorporated here by reference.

In her affidavit, Anna Perreira stated that the attached warranty deed was to the property at issue in this case. PHH did not object to the affidavit, nor did the district court sua sponte rule it inadmissible. Therefore, there was evidence in the record that on February 10, 2003, Cendant purported to convey the property to Fannie Mae.

The relevance of that deed depends upon an issue that was not addressed by the district court. That is, what is the relationship between Cendant and PHH? Are they two names for the same entity, or are they two separate entities?

In their counterclaim, the Perreiras alleged, "Just Law Office of Idaho Falls, Idaho, worked to collect the defendants' arrears in behalf of Cendant Mortgage. However, Just Law Office sent contemporaneous demands for payment with amounts varying from what PHH a.k.a. Cendant Mortgage claimed was due and owing." In its reply, PHH admitted this allegation. The statement that PHH is also known as Cendant Mortgage indicates that they are the same legal entity with two different names. Other documents in the record support that conclusion.

PHH put into the record a copy of an order dated May 3, 2004, in the Perreiras' bankruptcy granting Cendant's motion, as creditor, to vacate the automatic stay imposed by 11 U.S.C. § 362 so that Cendant could foreclose on the real property at issue in this case. PHH also provided a copy of a similar order dated February 2, 2005, vacating the automatic stay in Anestos's earlier bankruptcy so that Cendant could foreclose on the property. If Cendant and PHH were separate legal entities, Cendant would have to have assigned its interest in the note and deed of trust to PHH. Any such assignment of the trust deed would have to have been recorded in order to foreclose the trust deed by advertisement and sale. I.C. § 45–1505(1). However, if Cendant and PHH are the same legal entity, no such assignment would be necessary. There is nothing in the record indicating that Cendant assigned its beneficial interest in the note and deed of trust to PHH.

In her affidavit, Anna Perreira averred that on March 16, 1999, the defendants executed a deed of trust with U.S. Bank as beneficiary and that "[t]he beneficial interest of the Deed of Trust was assigned to Cendant Mortgage f/k/a PHH Mortgage Services Corp." She also refers to Cendant's efforts to collect on the note and to foreclose the deed of trust. She attached to her affidavit a copy of an unsigned agreement prepared by Just Law Offices in which the named parties included "PHH a.k.a. Cendant Mortgage Ser-

vices Inc." Her references to Cendant being formerly known as PHH and to PHH also being known as Cendant indicated that they are the same legal entity. There is no evidence in the record to the contrary.

■ If Cendant and PHH are the same legal entity, then PHH does not have title to the real property. Idaho Code § 55–605 provides, "Where a person purports by proper instrument to convey or grant real property in fee simple, and subsequently acquires any title or claim of title thereto, the same passes by operation of law to the grantee or his successors." On February 10, 2003, Cendant executed a warranty deed purporting to convey the real property in fee simple to Fannie Mae. If Cendant and PHH are the same legal entity, any title PHH subsequently acquired by the foreclosure sale on July 21, 2006, passed by operation of law to Fannie Mae under the doctrine of after-acquired title set forth in Idaho Code § 55–605.

■ PHH contended during oral argument that the doctrine of after-acquired title should not apply because the first foreclosure sale was void and Cendant therefore did not obtain title to the property at that time. Cendant did not need to have title to the property when it executed the warranty deed on February 10, 2003. Idaho Code § 55–605 only requires that the person *purport* to convey the property, not that the person actually have title to the property when giving the deed. The doctrine of after-acquired title presupposes that the person giving the deed did not have title when purporting to convey the property. Because the record indicates that PHH did not have title to the real property when it filed this lawsuit, the district court erred in granting PHH's motion for summary judgment.

**C. Did the District Court Err in Holding that PHH Was Not Required to Render an Accounting to the Defendants?**

■ The Perreiras contended that PHH should be required to render an accounting showing precisely how much was owing under the note secured by the deed of trust. They argue that prior to the foreclosure sale there had been given conflicting statements as to the amount owing. The district court

rejected their request for an accounting, writing, "The issue of an accounting would only be relevant if the plaintiff were seeking a money judgment on a deficiency in accordance with I.C. § 45–1512, which is not the case."

The district court did not err in denying the Perreiras' request for an accounting. Anna Perreira attached to her affidavit a document that she stated was "[a] true and correct copy of [sic] loan history from Just Law Office." That document dated October 8, 2004, showed a current principle balance of $127,582.50; accrued interest as of November 23, 2004, in the amount of $11,751.57; late charges in the amount of $484.40; and a payoff as of November 23, 2004, including fees and costs, in the amount of $166,462.60. The Perreiras admitted that they have not made any payments on the real property since July 21, 2006, and during oral argument admitted that they were in default under the terms of the deed of trust. They did not present any evidence showing that they were not in default, nor have they presented any evidence showing they could have prevented the foreclosure by curing the default as provided in Idaho Code § 45–1506(12). Because the time period within which PHH could have sought a deficiency judgment has long past, I.C. § 45–1512, the Perreiras have failed to show an accounting could be relevant to any issues in this case. Therefore, the district court did not err in denying their request for an accounting.

**D. Did the District Court Err in Holding that PHH Was Not Judicially Estopped from Obtaining Possession of the Real Property?**

■ The Perreiras contend that PHH should be judicially estopped from ejecting them from the real property. Judicial estoppel prohibits a party from taking a position in one proceeding and then taking an inconsistent position in a subsequent proceeding. *Riley v. W.R. Holdings, LLC,* 143 Idaho 116, 121–22, 138 P.3d 316, 321–22 (2006). A court in Idaho can apply the doctrine even if the prior proceeding was a bankruptcy action, and the court has discretion as to whether to invoke the doctrine. *Id.*

The Perreiras argue that judicial estoppel applies in this case because when PHH requested that the automatic stay be vacated to permit it to foreclose upon the real property, it inaccurately informed the bankruptcy court of the amount owing under the note secured by the deed of trust. According to the Perreiras, this enabled PHH to gain an unfair advantage because the bankruptcy court partly relied upon the inaccurate accounting when granting the motion to vacate the stay.

Obviously, this issue would be relevant only if the doctrine of after-acquired title is not applicable because Cendant and PHH are separate legal entities. Because that has not been resolved, we will address this issue because it could be relevant on remand.

The district court denied the Perreiras' claim of judicial estoppel, reasoning as follows:

> Judicial estoppel has no application in this case especially given that the defendants have failed to do any more that [sic] make a mere allegation regarding PHH's representations to the bankruptcy court. The defendants have not presented this court with evidence or with argument regarding these alleged accountings given to the bankruptcy court or how they might have differed or even had effect on the trustee's sale upon default. Again, the defendants continue to allege inaccurate accounting, but fail to present the court with any information regarding that accounting or any information or evidence to show that they were not in default and therefore, the trustee's sale was invalid. The fact remains that the defendant's [sic] did not object to the relief from the bankruptcy stay that was granted to allow the nonjudicial foreclosure sale to proceed. There is no evidence before this court that PHH took a position in the bankruptcy court that is inconsistent with the position taken in this court. PHH alleged a default and held a subsequent trustee's sale. There is no need for the application of the doctrine of judicial estoppel in this case.

The Perreiras have failed to show that the district court erred in its analysis or abused its discretion. Therefore, we uphold its ruling that judicial estoppel is not a bar to PHH's claim for possession of the real property.

**E. Did the District Court Err in Holding that PHH Was a Good–Faith Purchaser at the Foreclosure Sale?**

The Perreiras contended that the foreclosure sale was void because notice was not given to the estate of Anestos. She died on July 27, 2005, and the notice of the sale was mailed to her on October 13, 2005. The district court rejected that argument, holding that PHH was "a purchaser in good faith for value" because there was no evidence that it knew Anestos had died and because it could not have served the personal representative of her estate because one had not yet been appointed.

Idaho Code § 45–1508 provides, "The failure to give notice to any of such persons by mailing, personal service, posting or publication in accordance with section 45–1506, Idaho Code, shall not affect the validity of the sale as to persons so notified nor as to any such persons having actual knowledge of the sale." It is uncontroverted that the Perreiras received notice of the sale in accordance with Section 45–1506. Therefore, the sale was effective as to them regardless of whether it was effective as to Anestos. Whether or not PHH was a purchaser in good faith for value with respect to Anestos's interest in the property is irrelevant as to whether the foreclosure sale was valid as to the Perreiras.

Because this case will be remanded, we will address the claim that PHH was a purchaser in good faith with respect to Anestos's interest in the property. Anestos was named as a defendant in this action, but her Estate was not served and did not appear in this action until October 30, 2007, almost one month after the judgment was entered. The district court could not litigate Anestos's interest in her absence. The court awarded the partial judgment against "the defendants," which on its face would include Anestos because she was a named defendant. The district court erred by entering judgment against Anestos in her absence.

Idaho Code § 45–1508 also provides, "[A]ny failure to comply with the provisions of section 45–1506, Idaho Code [regarding notice], shall not affect the validity of a sale in favor of a purchaser in good faith for value at or after such sale." [4] The district court held that PHH was a purchaser in good faith because it had no notice that Anestos had died before it mailed notice of the sale to her. We need not address that issue because the new evidence that the district court erroneously excluded in connection with the Perreiras' motion for reconsideration showed that PHH did have notice of Anestos's death prior to mailing the notice of sale to her. The Estate can present that evidence on remand.

The district court also held that PHH was a purchaser in good faith because no personal representative had yet been appointed when PHH mailed the notice to Anestos so it could not serve the personal representative. Idaho Code § 45–1506(3) requires that when a person entitled to notice of the sale has died, the notice must be mailed to the personal representative of the person's estate. That requirement cannot be avoided simply because no personal representative has yet been appointed. Obviously, mailing notice to someone who is deceased does not provide notice. PHH, as a creditor of Anestos, is an interested person, I.C. § 15–1–201(25), who could have instituted probate proceedings in order to have a personal representative appointed, I.C. §§ 15–3–303 & 15–3–401, so it could serve the notice of sale.

■ PHH argues that because Anna Perreira was appointed as the personal representative of the Estate on May 29, 2007, the notice sent to her over one and one-half years earlier should be considered as having been notice to the personal representative of the Estate. Idaho Code § 45–1506(3) requires that the notice of the foreclosure sale be mailed to the personal representative of the estate of the deceased person who was entitled to notice. At the time the notice was mailed in this case, Anna Perreira was not the personal representative of the Estate.

The fact that she was appointed as personal representative eighteen months later does not retroactively validate the failure to comply with Section 45–1506(3).

## F. Did the District Court Err in Granting Summary Judgment on the Perreiras' Claim Regarding Alleged Truth in Lending Violations?

■ The Perreiras contend that the district court erred in failing to consider their claim that PHH violated the Truth in Lending Act. PHH responds that the Perreiras did not allege a claim for relief under that Act. The Perreiras filed an answer and counterclaim on April 23, 2007. In count two of the counterclaim, they made various allegations including: that PHH violated the implied covenant of good faith and fair dealing; that PHH failed to reimburse the Perreiras for amounts improperly taken to pay insurance; and that the Perreiras' note payments were improperly increased four times in one year, which "was a violation of federal law, including the truth and lending law." At the conclusion of their answer and counterclaim, the Perreiras prayed that the complaint be dismissed and that they be awarded damages. Thus, the Perreiras alleged a violation of the Truth in Lending Act. PHH also argues that the Perreiras waived any Truth in Lending Act claim because they did not mention it either in their memorandum in opposition to the motion for summary judgment or during oral argument on the motion. In its motion for summary judgment, PHH did not mention the Truth in Lending Act claim either. Rather, it simply argued in its supporting memorandum:

Under Count Two of their counterclaim, the Perreiras raise a claim that their account with Cendant or its successors was not properly credited for payments made or insurance coverage actually in place and that Cendant did not act in good faith while processing the Perreiras [sic] account.

Noticeably absent is any claim that the Perreiras are entitled to possession. The

4. The Estate has not raised on appeal the issue of whether this provision is constitutional, and we express no opinion regarding that issue.

Perreiras [sic] claims, if valid, against Cendant do not affect rights of possession. Adequate legal remedies for damages exist.

. . . .

The Perreiras [sic] claim amounts to a breach of contract or breach of covenant of good faith and fair dealing or both. Neither of those claims operate to deny PHH Mortgage its right of possession of the real property.

In defending against the motion for summary judgment, the Perreiras were only required to respond to the issues raised by PHH. *Thomson v. Idaho Ins. Agency, Inc.*, 126 Idaho 527, 530, 887 P.2d 1034, 1037 (1994). The only issue raised by PHH with respect to count two of the counterclaim was that the claims for breach of contract and breach of the implied covenant of good faith and fair dealing, if valid, would not defeat PHH's claim for possession of the real property. PHH did not challenge the claimed violation of the Truth in Lending Act, nor did it challenge the Perreiras' assertion that they could recover damages on their counterclaim. We express no opinion as to the validity of the Truth in Lending Act claim because it was not addressed below. We simply hold that the district court erred in dismissing it where its validity was not challenged by PHH's motion for summary judgment.

### G. Is any Party Entitled to an Award of Attorney Fees on Appeal?

██ The Perreiras and the Estate request that they be awarded attorney fees on appeal. They cite no authority for that award. They simply state, "If Perreira is found to be the prevailing party on appeal, Perreira requests that attorney fees be awarded for costs and fees reasonably incurred in the appeal." Because they have failed to cite any statutory or contractual authority for awarding attorney fees, we will not address that issue. *Athay v. Stacey*, 142 Idaho 360, 371, 128 P.3d 897, 908 (2005); *Bream v. Benscoter*, 139 Idaho 364, 369–70, 79 P.3d 723, 728–29 (2003).

PHH requests an award of attorney fees under Idaho Code § 12–120(3), contending that this was a commercial transaction. In support of that claim, it argues, "A challenge to the validity of a trustee's sale has been considered a commercial transaction. *Taylor v. Just*, 138 Idaho 137, 59 P.3d 308 (2002)."

██ A "commercial transaction" is defined as "all transactions except transactions for personal or household purposes." I.C. § 12–120(3). In *Taylor v. Just*, both parties agreed that the action was to recover on a commercial transaction because the plaintiff had bid at the foreclosure sale in order to obtain the property for resale. This case was brought by PHH to eject the Perreiras and Anestos from their residence, and the Perreiras counterclaim sought to contest the foreclosure sale of their residence. This was not an action to recover in a commercial transaction. *See Bajrektarevic v. Lighthouse Home Loans, Inc.*, 143 Idaho 890, 893, 155 P.3d 691, 694 (2007) (action involving the refinancing of plaintiff's home was not a commercial transaction). Therefore, PHH cannot recover attorney fees on appeal pursuant to that statute, even if they were the prevailing party on appeal.

PHH also requests an award of attorney fees pursuant to Idaho Code § 12–121. They could recover attorney fees on appeal under that statute only if the appeal were brought or pursued frivolously, unreasonably, or without foundation. *Koch v. Canyon County*, 145 Idaho 158, 163, 177 P.3d 372, 377 (2008). Because we have vacated the judgment of the district court, this action was not brought frivolously, unreasonably, or without foundation.

## IV. CONCLUSION

We vacate the judgment of the district court and the order granting summary judgment, and we remand this case for further proceedings that are consistent with this opinion. We do not award costs or attorney fees on appeal.

Justices BURDICK, J. JONES, HORTON and Justice Pro Tem TROUT concur.