146 P.3d 673

**PONDEROSA HOMESITE LOT OWNERS, Plaintiff,**

and

**Harry Peterson and Margaret Peterson, Husband and Wife; Ralph Stalsberg and Ruth Stalsberg, Husband and Wife, Plaintiffs–Counterdefendants,**

and

**Clifford Dove and Steve Dove, Plaintiffs–Counterdefendants–Appellants,**

v.

**GARFIELD BAY RESORT, INC.; Verl E. Thayer and Rita S. Walker Thayer, husband and wife, Defendants–Counterclaimants–Respondents,**

and

**John Does 1 through 10, being officers and director's of Garfield Bay Resort, Inc., Defendants.**

No. 31945.

Supreme Court of Idaho, Boise, September 2006 Term

Oct. 25, 2006.

Tevis W. Hull, Sandpoint, for appellants.

James H. Paulsen, Sandpoint, for respondents.

BURDICK, Justice.

This case comes to the Court once again for a determination of who owns the "lake access" area found in the Ponderosa Home Sites Subdivision (PHS) in Bonner County, Idaho. After remand, the district court determined Rita S. Walker Thayer (Thayer) owned the "lake access," subject to a perpetual easement granted to the PHS lot owners. Clifford and Steve Dove (Dove) appeal this decision.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

This is the second time this Court has heard an appeal in this matter. In the first appeal, this Court described the "lake access" and its history.

On September 22, 1960, Anna and Kenneth J. McWilliams platted an area of land titled Ponderosa Home Sites in Bonner County. The plat was recorded on January 20, 1961. The plat shows an area marked as "lake access." The "lake access" is a small piece of lakeshore property located between lots 3 and 4 within PHS. The "lake access" is "L" shaped with a small piece of land between lots 3 and 4 connecting with the public road and the larger portion abutting to Garfield Bay on Lake Pend Oreille south of lot 4. The legal description of the exterior boundaries of

---

1. Garfield Bay did not participate in this appeal.

the plat includes the area marked as "lake access." The "lake access" was identified on the map without block or lot designation and without mention in the dedication. The plat included the following dedication: "[t]hey do hereby dedicate to the public, for the use of the public as highways the roads shown upon this plat." Neither the plat nor any contemporaneous deeds, declarations or papers indicate who is to be the owner of the "lake access."

*Ponderosa Home Site Lot Owners v. Garfield Bay Resort, Inc.*, 139 Idaho 699, 700, 85 P.3d 675, 676 (2004).

After a three-day trial, the district court determined the "lake access" was the "subject of a common law dedication to the public." Plaintiffs in that suit, who are not appellants in the instant appeal, appealed that decision. This Court found that the district court's conclusion was not supported by the evidence, vacated the decision and remanded the case for a determination of the ownership of the "lake access." *Id.* at 702, 85 P.3d at 678.

On remand the parties added nothing to the record, instead asking the district court to determine ownership based on the existing record. The district court then determined that Thayer owned the "lake access" by virtue of a quit claim deed from the McWilliams' heirs to her. Dove now appeals this decision.

## II. ANALYSIS

■■■ On appeal, Dove argues the district court erred as a matter of law when it concluded that Thayer owned the "lake access." Dove argues the district court's decision is inconsistent with 26 C.J.S. *Dedication* § 68 (2001) and this Court's decision in *Monaco v. Bennion*, 99 Idaho 529, 585 P.2d 608 (1978). Dove asks this Court to hold that, as a matter of law, the McWilliams could not convey any interest in the "lake access" once they had dedicated it to the PHS lot owners and also asks this Court to declare the lot owners the owners of the "lake access." This Court exercises free review over the

district court's conclusions of law. *Ponderosa Home Site Lot Owners*, 139 Idaho at 700, 85 P.3d at 676.

■■■ Idaho recognizes common law dedication of land for private use. *Id.* at 701, 85 P.3d at 677; *see also Armand v. Opportunity Mgmt. Co.*, 141 Idaho 709, 714, 117 P.3d 123, 128 (2005); *Sun Valley Land & Minerals, Inc. v. Hawkes*, 138 Idaho 543, 548, 66 P.3d 798, 803 (2003); *Monaco*, 99 Idaho at 532, 585 P.2d at 611. The elements for a public common law dedication and a private common law dedication are the same: "(1) an offer by the owner clearly and unequivocally indicating an intent to dedicate the land and (2) an acceptance of the offer." *See Armand*, 141 Idaho at 714, 117 P.3d at 128.

■■■ As to the first element of this test, [t]he offer to dedicate may be made in a number of ways, including the act of recording or filing a subdivision plat depicting the specific areas subject to dedication, so long as there is a clear and unequivocal indication the owner intends to dedicate the land as depicted.... In determining whether the owner intended to offer the land for dedication, the court must examine the plat, as well as "the surrounding circumstances and conditions of the development and sale of lots."

*Sun Valley Land & Minerals, Inc.*, 138 Idaho at 548, 66 P.3d at 803 (quoting *Dunham v. Hackney Airpark, Inc.*, 133 Idaho 613, 616, 990 P.2d 1224, 1226 (Ct.App.1999)). The second part of the test for common law dedication requires the offer be accepted. This acceptance can be accomplished "when the offer is acted upon and lots are purchased with reference to the plat filed by the offeror." *Armand*, 141 Idaho at 715, 117 P.3d at 129. Once common law dedication is accomplished, it has the legal effect of creating an easement in favor of the lot purchasers. *See Monaco*, 99 Idaho at 533, 585 P.2d at 612.

Dove does not argue the district court's application of the common law dedication test was incorrect.[2] Dove also does not argue

---

**2.** The district court found the "apparent intent of placing the area marked lake access on the [PHS] plat ... must have been to create an

inducement to the [PHS] lot buyers." It also found the effect of marking the "lake access" on the plat was to create a perpetual easement in

that whatever interest the McWilliams' heirs had in the "lake access" was not transferred to Thayer. Rather, Dove disagrees with the district court's determination that the dedication created an easement and this allowed the McWilliams' heirs to transfer title to Thayer. The district court reasoned:

> If a private dedication creates an easement, what is seen here and in *Deffenbaugh [v. Washington Water Power Co.,* 24 Idaho 514, 135 P. 247 (1913) ] is the product of a common law private dedication. *Monaco,* 99 Idaho at 533, 585 P.2d at 612. The creation of this easement or common law private dedication by the owner did not result in a transfer of title of the "lake access" parcel. 26 C.J.S. *Dedication* § 68 (2001). The perpetual easement created here does operate to estop the owner from asserting rights of possession and ownership commonly associated with ownership.
>
> Ownership of the "lake access" therefore was conveyed to [Thayer] only to the extent of the right, title or interest [the McWilliams' heirs] had, if any, in the "lake access." ... This ownership is as discussed above, subject to the perpetual easement granted to the owners of the [PHS] lots.

Dove complains that the district court's decision is not consistent with 26 C.J.S. *Dedication* § 68 (2001), which provides that after a valid dedication no one can convey title to any part of the dedicated property. However, this Court has never adopted the reasoning of 26 C.J.S. *Dedication* § 68 (2001), and we decline to do so here because the result reached by the district court is consistent with our prior cases.

██ Under virtually identical facts, this Court determined that a plat designating as "beach" or "sand beach" the land between lots and the water line but not including the water front or beach in the dedication indicated an intent to "grant a perpetual easement in this beach" to the lot owners. *Deffenbaugh,* 24 Idaho at 519, 135 P. at 248; *see also Ponderosa Home Site Lot Owners,* 139 Idaho at 701, 85 P.3d at 677. Similarly, in Monaco this Court held that "the legal effect of illustrating a private road on a filed plat and 'dedicating' it is the creation of an easement in favor of lot purchasers." 99 Idaho at 533, 585 P.2d at 612. There, the plat showed a roadway and certified that the owners "dedicate[d] the roads herein as private roads for the use of the lot owners." *Id.* at 530, 585 P.2d at 609.[3]

██ Taken together, these two cases illustrate that under Idaho law a dedication, whether express or common law, creates an easement. Moreover, an easement does not divest the servient estate owner of title. *See Luce v. Marble,* 142 Idaho 264, 273, 127 P.3d 167, 176 (2005) (citing *Drew v. Sorensen,* 133 Idaho 534, 541, 989 P.2d 276, 283 (1999); *Viebrock v. Gill,* 125 Idaho 948, 953, 877 P.2d 919, 924 (1994)); *Abbott v. Nampa Sch. Dist. No. 131,* 119 Idaho 544, 548, 808 P.2d 1289, 1293 (1991). Nor does the creation of an easement divest the servient estate owner of the ability to transfer title. *See Davis v. Peacock,* 133 Idaho 637, 641–42, 991 P.2d 362, 366–67 (1999) (stating it is equitable to impose an easement on a buyer who already had notice of its existence); *Checketts v. Thompson,* 65 Idaho 715, 721, 152 P.2d 585, 587 (1944) (quoting 28 C.J.S. *Easements* § 48) ("One who purchases land expressly subject to an easement, or with notice, actual or constructive, that it is burdened with an existing easement, takes the land subject to the easement."). Therefore, the McWilliams were not deprived of the ability to transfer title to the lake access by virtue of dedicating the "lake access" to the PHS lot owners.

favor of the PHS lot purchasers, and this marking coupled with the sale of lots referencing the plat was "evidence of the clear and unequivocal intent to dedicate." Moreover, since the PHS owners used the lake access, the district court reasoned that the offer was accepted.

**3.** Likewise, "[w]hen land is dedicated as a street for public use, the landowner owns to the center of the street and the public acquires an easement, not a title in fee simple." *Neider v. Shaw,* 138 Idaho 503, 507, 65 P.3d 525, 529 (2003) (citing *Shaw v. Johnston,* 17 Idaho 676, 682–83, 107 P. 399, 400–01 (1910)) (citing Idaho Rev. Code § 3091 (1908)) (current version with amendments at Idaho Code § 55–309 (2002)).

## III. CONCLUSION

We affirm the district court's conclusion that Thayer owns the "lake access" subject to a perpetual easement in the PHS lot owners.

Chief Justice SCHROEDER and Justices TROUT, EISMANN and JONES concur.

