# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 37556

| | | |
|---|---|---|
| ASBURY PARK, LLC, an Idaho limited liability company; and JOHN ESPOSITO, an individual, | ) ) ) ) | |
| Plaintiffs-Counterdefendants-Respondents, | ) ) ) ) | Boise, August 2011 Term |
| v. | ) ) | 2012 Opinion No. 14 |
| GREENBRIAR ESTATE HOMEOWNERS' ASSOCIATION, INC., an Idaho nonprofit corporation, | ) ) ) ) ) | Filed: January 11, 2012 |
| Defendant-Counterclaimant-Appellant, | ) ) ) | Stephen Kenyon, Clerk |
| and | ) ) | |
| DEBRA HOBBS a/k/a DEBBIE HOBBS, an individual, d/b/a ACTION ASSOCIATION MANAGEMENT COMPANY, | ) ) ) ) | |
| Defendant-Counterclaimant. | ) ) | |

Appeal from the District Court of the Third Judicial District of the State of Idaho, Canyon County. Hon. Thomas J. Ryan, District Judge.

The district court order granting partial summary judgment is affirmed.

Hawley Troxell Ennis & Hawley, LLP, Boise, for appellant. Geoffrey Wardle argued.

Cosho Humphrey, LLP, Boise, for respondents. David Penny argued.

---

HORTON, Justice.

Greenbriar Estates Homeowner's Association (Greenbriar HOA or the HOA) and developer Asbury Park, LLC assert conflicting interests in a Greenbriar Estates Subdivision (Greenbriar Estates or the subdivision) lot upon which Asbury Park constructed storage facilities. The district court granted partial summary judgment in favor of Asbury Park. Greenbriar HOA

1

appeals and asserts that the district court erred by rejecting the HOA's common law dedication and fraud claims, as well as by refusing to apply the Restatement (Third) of Property-Servitudes. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Asbury Park is a limited liability company of which John Esposito is the sole member. In late 2004, Asbury Park initiated the process to develop the Greenbriar Estates Subdivision. The City of Nampa (the City) annexed and rezoned the parcel where Asbury Park intended to construct the subdivision and approved Asbury Park's subdivision application. On February 22, 2005, the City approved the Greenbriar Estates Subdivision final plat. Several months later, on September 23, 2005, Asbury Park recorded the approved final plat. Asbury Park recorded the subdivision's Declaration of Covenants, Conditions, and Restrictions (CC&Rs) on October 4, 2005, and filed articles of incorporation for the Greenbriar Estates Homeowners' Association on October 5, 2005. Thereafter, Asbury Park conveyed subdivision lots to two builders that in turn sold lots to individual homeowners.

The final plat and the CC&Rs each provided that a storage facility for the use of individual homeowners would be located on subdivision Lot 39. Asbury Park began construction of that facility on June 15, 2006. Pursuant to language in the CC&Rs, the HOA believed that Asbury Park owned Lot 39 and paid rent to Asbury Park for the storage facility units.

In early July 2007, Asbury Park conveyed all common areas to Greenbriar HOA, but reserved to Asbury Park ownership of Lot 39. Later that month, Esposito encouraged the surveyor who had assisted in preparation of the recorded plat to record an affidavit indicating that the original plat had erroneously listed Lot 39 as a common area owned by the HOA. The surveyor recorded an affidavit purporting to correct the error.[1]

In October 2007, it was discovered that Asbury Park lacked a certificate of occupancy for the storage units. The HOA consequently believed that vacant units could not legally be occupied, and ceased paying rent to Asbury Park for unoccupied storage units. Around the same time, it came to light that the recorded plat, the CC&Rs, and the deeds contained the following conflicting language regarding the ownership of Lot 39:

---

[1] We note that the mere recording of an affidavit cannot cure a defective description of a subdivision contained within a recorded plat. Rather, such defect may only be cured by securing approval of the replatted subdivision by the appropriate entity in compliance with the requirements of I.C. § 50-1308.

2

(1) *The Recorded Plat*:  The recorded plat states that Lot 39 and several other lots were "designated as common area lots and shall be owned and maintained by the homeowner's association as established in the subdivision covenants."

(2) *The CC&Rs*:  One section of the CC&Rs lists Lot 39 as one of several lots that are "common area," defined as "all real property (including the Improvements thereto) owned by the Association for the common use and enjoyment of all Owners, Residents and the Assisted Living Facility Owner." Another section of the CC&Rs states that Lot 39 is the intended location of the "community storage facility," which "shall be privately owned and operated.  The Community Storage Facility owner will not by [sic] a Member in the Association and shall not be required to pay Assessments.  The Community Storage Facility owner will be entitled to a fair market value rental rate, . . . for the use of storage units . . . .  The Community Storage Facility owner shall be solely responsible for the operation and maintenance of the Community Storage Facility."

(3) *The Deeds*:  Those deeds conveying lot ownership from Asbury Park to the builders, as well as those deeds conveying lot ownership from the builders to homeowners, state that the properties conveyed were subject to restrictions and reservations of record.

Citing the recorded plat's language that Lot 39 was designated as a common area to be owned and maintained by the HOA, the HOA began to assert that it was not liable for rent to Asbury Park.  The HOA continued to assess storage fees against homeowners, but it ceased its rent payments to Asbury Park.

Asbury Park filed suit against Greenbriar HOA seeking damages for unpaid rent.  The HOA answered and counterclaimed.  Asbury Park moved for partial summary judgment dismissing the HOA's counterclaims, which motion the district court granted.  The district court held that the HOA's common law dedication claim failed because the relevant documents could not be construed to demonstrate a clear and unequivocal intent to dedicate, and also because the HOA had relied on the CC&Rs and not the recorded plat.  The court dismissed the HOA's assertion that Lot 39 was a common area pursuant to the Restatement (Third) of Property – Servitudes § 6.19, holding that there was no need to adopt the Restatement because the issue could be resolved by application of the Idaho common law of dedication.   The court also dismissed the HOA's fraudulent misrepresentation claim on the ground that even if Asbury Park had misrepresented that Lot 39 was owned by the HOA, the HOA had not relied on that misrepresentation but rather had relied on the CC&Rs' statement that Asbury Park owned Lot 39.

3

The district court denied the HOA's subsequent motion to reconsider, but granted the HOA's I.R.C.P. 54(b) motion to certify the partial judgment as final. Greenbriar HOA timely appealed. Both parties request attorney fees pursuant to the CC&Rs, I.A.R. 40 and 41, and I.C. § 12-120(3).

## II. STANDARD OF REVIEW

This Court reviews a trial court's grant of summary judgment under the same standard used by the trial court in ruling on the motion. *Infanger v. City of Salmon*, 137 Idaho 45, 46-47, 44 P.3d 1100, 1101-02 (2002) (citing *Eagle Water Co., v. Roundy Pole Fence Co.,* 134 Idaho 626, 628, 7 P.3d 1103, 1105 (2000)). "All disputed facts are to be construed liberally in favor of the non-moving party, and all reasonable inferences that can be drawn from the record are to be drawn in favor of the non-moving party." *Id.* at 47, 44 P.3d at 1102. Summary judgment is proper when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). "A moving party is entitled to summary judgment when the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to that party's case on which that party will bear the burden of proof at trial." *Brown v. City of Pocatello*, 148 Idaho 802, 806, 229 P.3d 1164, 1168 (2010) (quoting *Thomson v. Idaho Ins. Agency, Inc.*, 126 Idaho 527, 530-31, 887 P.2d 1034, 1037-38 (1994) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986))).

## III. ANALYSIS

**A. The district court properly dismissed the HOA's common law dedication claim because Asbury Park did not make a clear and unequivocal offer to dedicate Lot 39 to the HOA.**

Common law dedication consists of "(1) an offer by the owner clearly and unequivocally indicating an intent to dedicate the land and (2) an acceptance of the offer." *West Wood Inv., Inc., v. Acord*, 141 Idaho 75, 87, 106 P.3d 401, 413 (2005) (citing *Sun Valley Land & Minerals, Inc. v. Hawkes*, 138 Idaho 543, 548, 66 P.3d 798, 803 (2003)). Greenbriar HOA contends that the district court erred in ordering summary judgment because only the language of the recorded plat was relevant to the substance of Asbury Park's alleged offer, and therefore there was a genuine issue of material fact. The district court considered the recorded plat, the CC&Rs, and the deeds to be the relevant documents and concluded that "where the recorded instruments are inconsistent there can be no clear and unequivocal intent to make an offer of dedication." Since

4

Greenbriar HOA challenges the district court's consideration of documents other than the recorded plat, we first examine which documents are relevant to a determination of the substance of an offer of dedication. Based on the resolution of that matter, we then examine whether the district court's grant of summary judgment was proper.

        1.   <u>The district court did not err when it considered the CC&Rs.</u>

Common law dedication requires "an offer by the owner clearly and unequivocally indicating an intent to dedicate the land." *West Wood Inv., Inc.*, 141 Idaho at 87, 106 P.3d at 413. The doctrine is intended to "protect[] the interest of purchasers who rely on the value of these public areas." *Saddlehorn Ranch Landowner's, Inc. v. Dyer*, 146 Idaho 747, 752, 203 P.3d 677, 682 (2009). Greenbriar HOA contends that, in order to determine the substance of Asbury Park's alleged offer of dedication, the district court should have looked solely to the recorded plat, which describes Lot 39 as a common area that "shall be owned and maintained by the homeowner's association . . . ." This Court has expressly held that the substance of an offer requires a court to evaluate "the CC&Rs, the Plat, and the circumstances surrounding the alleged dedication." *Sun Valley Land & Minerals, Inc.*, 138 Idaho at 548, 66 P.3d at 803. Nonetheless, Greenbriar HOA challenges the district court's consideration of the CC&Rs on three grounds. First, the HOA asserts the dedication was complete before the CC&Rs were recorded, and therefore the CC&Rs are irrelevant. Second, the HOA contends that the CC&Rs are ambiguous. Third, the HOA argues that, on these facts, public policy precludes consideration of the CC&Rs. We reject each of these arguments and hold that the district court's assessment of the substance of Asbury Park's alleged offer of dedication was not limited to the recorded plat alone.

The substance of an offer of dedication is not measured until the time of acceptance, and an accepted offer of dedication is irrevocable. *Ponderosa Homesite Lot Owners v. Garfield Bay Resort, Inc.*, 143 Idaho 407, 409, 146 P.3d 673, 675 (2006); *Worley Hwy. Dist. v. Yacht Club of Coeur D'Alene, Ltd.*, 116 Idaho 219, 225, 775 P.2d 111, 117 (1989). Dedication is complete "[w]hen an owner of land plats the land, files the plat for record, and sells lots by reference to the recorded plat." *Saddlehorn Ranch Landowner's, Inc.*, 146 Idaho at 752, 203 P.3d at 682; *see also Ponderosa Homesite Lot Owners*, 143 Idaho at 409-10, 146 P.3d at 675-76; *Armand v. Opportunity Mgmt. Co.*, 141 Idaho 709, 714-15, 117 P.3d 123, 128-29 (2005). Thus, once a plat is recorded, acceptance occurs when the offeree purchases the real property at issue. The doctrine of dedication protects purchasers who rely on clear, unequivocal offers of dedication

5

when they purchase real property in reliance on the offer. *Saddlehorn Ranch Landowner's, Inc.,* 146 Idaho at 752, 203 P.3d at 682.

In the present case, Asbury Park recorded the final plat on September 23, 2005 and recorded the CC&Rs on October 4, 2005. Both of these recordings preceded Asbury Park's conveyance of subdivision lots to the builders and the subsequent conveyances to individual homeowners. Since an alleged offer of dedication is determined as of the time of the claimed acceptance, we hold that the district court properly considered the CC&Rs when it evaluated whether there was a genuine issue of material fact as to whether Asbury Park clearly and unequivocally offered to dedicate Lot 39.

Greenbriar HOA also contends that the district court erred because the CC&Rs contained inconsistent statements regarding ownership of Lot 39, and therefore the CC&Rs contained an ambiguity that presented a question of fact precluding summary judgment. However, the issue before the court at summary judgment was not the contractual significance of the CC&Rs, but rather whether the circumstances surrounding Asbury Park's alleged offer of dedication indicated a clear and unequivocal intent to dedicate. The ambiguity noted by the HOA does not constitute a genuine issue of fact material to the alleged dedication; rather, it is a fact that is relevant to the pertinent question whether Asbury Park manifested a clear and unequivocal intent to dedicate Lot 39 to the HOA.

Finally, we are not persuaded by Greenbriar HOA's contention that public policy requires this Court to overturn its precedent by precluding consideration of CC&Rs when assessing the substance of an alleged offer of dedication. The HOA contends that permitting consideration of CC&Rs invites developers to engage in fraudulent conduct by providing them a means by which to avoid the public platting process. However, "[w]hen there is controlling precedent on questions of Idaho law 'the rule of stare decisis dictates that we follow it, unless it is manifestly wrong, unless it has proven over time to be unjust or unwise, or unless overruling it is necessary to vindicate plain, obvious principles of law and remedy continued injustice.'" *Greenough v. Farm Bureau Mut. Ins. Co. of Idaho*, 142 Idaho 589, 592, 130 P.3d 1127, 1130 (2006) (quoting *Houghland Farms, Inc. v. Johnson*, 119 Idaho 72, 77, 803 P.2d 978, 983 (1990)). Greenbriar HOA has not demonstrated that the existing precedent has proven unjust or is manifestly wrong. We therefore decline to upset that well-established body of precedent.

2. <u>The evidence before the district court could only be construed to demonstrate that any intent by Asbury Park to dedicate Lot 39 was ambiguous, i.e., unclear and equivocal.</u>

Having concluded that the district court's consideration of the CC&Rs was proper, we turn to the substance of Asbury Park's alleged offer and hold that the district court properly granted summary judgment in favor of Asbury Park. "[A] moving party is entitled to summary judgment when the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to that party's case on which that party will bear the burden of proof at trial." *Brown*, 148 Idaho at 806, 229 P.3d at 1168.

> The moving party bears the burden of proving the absence of material facts. Once the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to show the existence of a genuine issue of material fact. A nonmoving party must come forward with evidence by way of affidavit or otherwise that contradicts the evidence submitted by the moving party, and that establishes the existence of a material issue of disputed fact.

*Chandler v. Hayden*, 147 Idaho 765, 769, 215 P.3d 485, 489 (2009) (citations omitted). If facts are disputed but immaterial to the issue presented, the disputed facts will not preclude summary judgment. *Garzee v. Barkley*, 121 Idaho 771, 774, 828 P.2d 334, 337 (Ct. App. 1992).

Even construing all inferences in favor of the HOA, the inconsistent language in the plat and CC&Rs precludes a finding of clear and unequivocal offer, and we therefore affirm the district court's grant of summary judgment. The district court did not impermissibly shift the burden of proof to Greenbriar HOA, but rather held the HOA to its burden of presenting evidence demonstrating the existence of a genuine issue of fact material to the alleged offer of dedication. As we reasoned in *West Wood Investments, Inc.*, one cannot show a clear and unequivocal intent to dedicate where the alleged offeror demonstrates intent inconsistent with a dedication. 141 Idaho at 87, 106 P.3d at 413. In *West Wood*, the recorded plat and a recorded security interest contained inconsistent statements regarding ownership of the real property at issue, and as a consequence we concluded that "[t]he surrounding circumstances of the transaction reveal nothing more . . . than an ambiguous intent." *Id.* Since "unequivocal" and "ambiguous" are antonyms, no reasonable person could conclude that the conflicting (and therefore ambiguous) statements reflected in these contradictory documents reflected Asbury Park's unequivocal intent. *See Molyneux v. Twin Falls Canal Co.*, 54 Idaho 619, 632, 35 P.2d 651, 656 (1934) (noting that the dictionary definition of "unequivocal" included the meaning "not ambiguous"). Here, any reasonable reading of the recorded plat and CC&Rs can only lead

to a finding that the two documents contain inconsistent statements as to the intended ownership of Lot 39. We therefore conclude that the district court properly granted summary judgment.[2]

**B. The district court did not err by declining to apply Section 6.19 of the Restatement (Third) of Property-Servitudes because Idaho law can resolve the issues in this case.**

Greenbriar HOA contends that the district court erred by refusing to apply Section 6.19 of the Restatement (Third) of Property-Servitudes (2000)[3] and permitting Greenbriar HOA to thereby assert a claim to title of Lot 39. The district court concluded that it had no discretion to adopt the Restatement because the Restatement and Idaho's common law doctrine of dedication grant distinct interests in real property, rendering the Restatement inconsistent with Idaho law.

"The Restatement is not law unless it has been adopted by this Court." *Estate of Skvorak v. Sec. Union Title Ins. Co.*, 140 Idaho 16, 22, 89 P.3d 856, 862 (2004). "This Court will not adopt a Restatement provision if it is inconsistent with Idaho precedent, a different formulation resolved the issue, or the issue can be resolved by current Idaho law." *Id.* Since the common law doctrine of dedication exists in Idaho and provides a means by which to resolve the parties' ownership dispute, we hold that the district court was not obligated to apply the Restatement. The HOA's dissatisfaction with the burdens imposed upon a party asserting common law dedication is not a sufficient basis for this Court to adopt a doctrine not previously recognized in Idaho when existing Idaho law resolves the matter.[4] We therefore affirm the district court.

---

[2] Having reached this conclusion, we note that the instant appeal solely addresses ownership of Lot 39. On appeal, the parties did not raise the issue that Asbury Park may be entitled to rental for use of the improvements constructed on Lot 39, even if Greenbriar HOA owned the land underlying those improvements. Thus, we are not asked to determine whether the CC&Rs obligated Greenbriar to pay rent to Asbury Park for use of the storage facility, irrespective of the ownership of the underlying real property.

[3] The provision reads in full:

(1) The developer of a common-interest-community project has a duty to create an association to manage the common property and enforce the servitudes unless exempted by statute.

(2) After the time reasonably necessary to protect its interests in completing and marketing the project, the developer has a duty to transfer the common property to the association, or the members, and to turn over control of the association to the members other than the developer.

(3) After the developer has relinquished control of the association to the members, the association has the power to terminate without penalty:

(a) any contract or agreement for the provision of management or maintenance services to the association;

(b) any contract or lease between the association and the developer, or an affiliate of the developer;

(c) any lease of recreational or parking facilities; or

(d) any contract or lease that is not bona fide, or was unconscionable to the members other than the developer at the time it was entered into, under the circumstances then prevailing.

[4] We note that it is unclear whether Restatement (Third) of Property-Servitudes § 6.19 provides a means of resolving the issue before the district court. Section 6.19's primary purpose is to require developers to create

8

**C. The district court properly dismissed Greenbriar HOA's fraud claim because the HOA did not show that Asbury Park made a false representation regarding ownership of Lot 39 upon which the HOA relied to its detriment.**

Greenbriar HOA asserts that Asbury Park engaged in fraudulent conduct when it drafted, recorded, and enforced CC&Rs that falsely stated Asbury Park owned Lot 39. Fraud consists of "1) a statement or a representation of fact; 2) its falsity; 3) its materiality; 4) the speaker's knowledge of its falsity; 5) the speaker's intent that there be reliance; 6) the hearer's ignorance of the falsity of the statement; 7) reliance by the hearer; 8) justifiable reliance; and 9) resultant injury." *Taylor v. McNichols*, 149 Idaho 826, 845-46, 243 P.3d 642, 661-62 (2010). Greenbriar HOA admits that its fraud claim depends upon a finding by this Court that it has a property interest in Lot 39. In view of our determination that the district court properly granted summary judgment rejecting the HOA's claim of ownership of Lot 39, the HOA's claim necessarily fails. We therefore affirm the district court's grant of summary judgment as to this claim.

**D. We remand the issue of attorney fees to the district court to consider at the conclusion of this case.**

Both parties requested attorney fees pursuant to article X, section 6 of the CC&Rs, I.C. § 12-120(3), and Idaho Appellate Rules 40 and 41. The prevailing party is entitled to attorney fees on the basis of the CC&Rs which provide in article X, section 6 that:

> In the event it shall become necessary for the Declarant, the Association, any Owner, or the Assisted Living Facility owner to retain legal counsel to enforce any term, covenant, condition, or Restriction contained within this Declaration, the prevailing party to any court proceeding shall be entitled to recover their reasonable attorneys' fees and costs of suit, including any bankruptcy, appeal or arbitration proceeding.

The underlying action is a breach of contract claim wherein Asbury Park alleges the CC&Rs were violated. Therefore under the plain terms of the CC&Rs, the prevailing party is due attorney fees and costs.

However, the procedural posture of this case prevents us from awarding attorney fees and costs at this time. This appeal arises from a judgment that was certified as final pursuant to I.R.C.P 54(b). The certified judgment does not dispose of all of the parties' claims. Therefore, we cannot determine the prevailing party, nor can we award attorney fees. *Bagley v. Thomason*, 149 Idaho 799, 804-05, 241 P.3d 972, 977-78 (2010). "The trial court is to take the issue of

---

homeowners' associations in order to avoid the difficulties created by owning common property as tenants in common. *See* cmt. a.

9

attorney fees and costs for this appeal into consideration when it addresses all fees and costs at the conclusion of the case." *Fuller v. Dave Callister*, 150 Idaho 848, ___, 252 P.3d 1266, 1274 (2011).[5]

## IV. CONCLUSION

We affirm the district court's order granting Asbury Park's motion for partial summary judgment. Because this appeal arises from an I.R.C.P. 54(b) certified judgment, no attorney fees may be awarded until judgment resolving each claim has been entered by the district court. Costs to Asbury Park.

Chief Justice BURDICK and Justices EISMANN, J. JONES and W. JONES **CONCUR**.

---

[5] We recognize the possibility that the district court may ultimately find that Esposito and Asbury Park are the prevailing parties in this litigation. Although we would prefer that Esposito not be rewarded for his failure to comply with the statutory obligation to obtain the City's approval of an amended plat, "[c]ourts do not possess the roving power to rewrite contracts in order to make them more equitable." *Shawver v. Huckleberry Estates, LLC*, 140 Idaho 354, 362, 93 P.3d 685, 693 (2004) (quoting *Smith v. Idaho State Univ. Fed. Credit Union,* 114 Idaho 680, 684, 760 P.2d 19, 23 (1988)). Since article X, section 6 plainly provides for an award of fees to the prevailing party, at the close of this litigation the district court must grant such an award to the party it finds has prevailed.

10