W. JONES,
dissenting.
The majority holds that when an easement is defined by metes and bounds the dominant owner may capriciously prohibit the servient owner from erecting a permanent structure therein. To the majority, it is irrelevant whether the structure would in no way inconvenience the dominant owner and would greatly benefit the servient owner. Because the rule of reasonableness is firmly entrenched in Idaho’s law, and no compelling grounds exist for modifying it, I respectfully dissent.
This case requires only a simple application of the holding in Nampa & Meridian Irrigation District v. Washington Federal Savings, 135 Idaho 518, 20 P.3d 702 (2001). The majority attempts to distinguish that case on its facts by claiming that the fence at issue there was “easily removable” — a “fact” that is neither printed in the Idaho Reports nor apparent from the appellate record in that case. Quite to the contrary, during the Nampa & Meridian trial, the following exchange occurred between the bank’s counsel and one of its employees:
Q: Now, with regard to the fence that is proposed for the sidewalk, how high is that proposed to be?
A: Four feet.
Q: And are there gates or removable panels proposed?
A: At the present time we proposed ten of the panels be removable. I think if [the irrigation district] felt like they needed more, we would certainly be willing to talk about that.
In other words, some of the panels were removable; some were not. The non-removable panels were permanent above-ground structures erected in an easement with a definite location and dimensions. Yet, nonetheless, this Court applied the reasonableness test. We should as well.
RP & H’s attempt to distinguish Nampa & Meridian — on the grounds that the easement there was for canal maintenance rather than travel — is equally feckless. That is a distinction without a difference. In Nampa & Me *6 ridian, the irrigation district claimed a right to use every inch of its easement for canal maintenance purposes. Here, RP & H claims a right to use every inch of its easement for travel. In both cases, a physical structure erected by the servient owner deprived the dominant owner of that alleged right. Thus, the reasonableness test is equally applicable in both cases.
Because Nampa & Meridian cannot be blinked away it must either be followed or, if sufficiently compelling reasons justify doing so, overruled. “When there is controlling precedent on questions of Idaho law ‘the rule of stare decisis dictates that we follow it, unless it is manifestly wrong, unless it has proven over time to be unjust or unwise, or unless overruling it is necessary to vindicate plain, obvious principles of law and remedy continued injustice.’” State v. Grant, 154 Idaho 281, 287, 297 P.3d 244, 250 (2013) (quoting Greenough v. Farm Bureau Mut. Ins. Co. of Idaho, 142 Idaho 589, 592, 130 P.3d 1127, 1130 (2006)). None of those factors is present here. Moreover, the rule of stare decisis has added weight in property law, where stability and certainty are paramount concerns. See, e.g., Payne v. Tennessee, 501 U.S. 808, 828, 111 S.Ct. 2597, 2609-10, 115 L.Ed.2d 720, 737-38 (1991); City of Buffalo v. Cargill, 44 N.Y.2d 7, 403 N.Y.S.2d 473, 374 N.E.2d 372, 377 (1978); Johnson v. Chi, Burlington & Quincy R.R. Co., 243 Minn. 58, 66 N.W.2d 763, 770 (1954); Dorsey v. Tisby, 192 Or. 163, 234 P.2d 557, 564 (1951).
Our adherence to the rule of reasonableness in Nampa & Meridian is not “manifestly wrong” merely because a majority of states follow the per se rule. See Asbury Park, L.L.C. v. Greenbriar Estate Homeowners’ Ass’n, 152 Idaho 338, 345, 271 P.3d 1194, 1201 (2012) (district court is obliged to follow Idaho law, rather than restatement, which presumably compiles majority rules). Quite to the contrary, Idaho is in good company in rejecting the per se rule and instead embracing a more flexible approach. See Mill Pond Condo. Ass’n v. Manalio, 910 A.2d 392, 395 (Me.2006) (reciting the majority rule, but reaching the opposite conclusion where there was no evidence that the sign interfered with the use of the easement); Skow v. Goforth, 618 N.W.2d 275, 278-81 (Iowa 2000) (refusing to enjoin the construction of fence that would have intruded on sixteen-and-a-half-foot-wide easement by as little as two inches; reasoning that balancing the needs of the dominant and servient estate owners will maximize aggregate utility); Gaw v. Seldon, 85 So.3d 312, 317 (Miss.Ct. App.2012) (owner of dominant estate not entitled to removal of encroaching columns until such time as they actually interfere with use of the easement); D’Abbracci v. Shaw-Bastian, 201 Or.App. 108, 117 P.3d 1032, 1040-41 (2005) (metes and bounds easement in and of itself did not limit servient estate owner’s reasonable use of his land); Baum v. Glen Park Props., 660 S.W.2d 723, 726-27 (Mo.Ct.App.1983) (allowing erection of sign within easement so long as it did not interfere with ingress and egress).
Neither has the rule of reasonableness proven over time to be “unwise.” Although the majority claims that the rule of reasonableness will “invite chaos” and increase litigation, I see no evidence of a flood of easement-interference cases threatening to deluge our courts. Quite to the contrary, Nampa & Meridian is the only prior Idaho Supreme Court case that is directly on point. And, even if there were a torrent of such cases, I doubt that the per se rule would do much to stanch it, because many questions remain to be worked out under that rule. For example, the majority states that “an underground pipeline or a paved walkway” would not fall within the prohibition on permanent above-ground structures. Based on its discussion of Nampa & Meridian, it also does not consider a removable fence to be a permanent structure. But what about an underground pipeline that has a raised access cover? What about a paved walkway that is several inches higher than the surrounding surface? What about a fence or sign that is removable, but only after several hours of difficult labor? As these hypothetical show, even under the per se rule one is forced to confront questions of “reasonableness” in order to draw the lines between “underground” versus “aboveground” and “permanent” versus “removable.” After all, all permanent strue *7 tures are removable; it is only a question of how difficult it is.
Finally, the rule of reasonableness has not worked any “continuing injustice” on either dominant or servient owners when applied in other contexts. See Ruddy-Lamarca v. Dalton Gardens Irrigation Dist., 153 Idaho 754, 757-58, 291 P.3d 437, 440-41 (2012) (applying rule of reasonableness to determine whether district court properly limited width of secondary easement that provided access to dominant owner’s underground pipeline); Lovitt v. Robideaux, 139 Idaho 322, 328-29, 78 P.3d 389, 395-96 (2003) (applying rule of reasonableness to determine whether district court properly enjoined servient owner’s erection of gate at entrance to easement); Nampa & Meridian Irrigation Dist. v. Mussell, 139 Idaho 28, 33-34, 72 P.3d 868, 873-74 (2003) (applying rule of reasonableness to determine whether district court properly awarded damages and enjoined servient owner from excavating bank of irrigation lateral); Drew v. Sorensen, 133 Idaho 534, 538, 989 P.2d 276, 280 (1999) (applying rule of reasonableness to determine whether district court properly enjoined dominant owner’s construction of fence on boundaries of easement). I see no reason why the rule of reasonableness should be binding law in those other contexts, but should be found unjust when applied here.
Rather, it is eminently just that both dominant and servient owners answer to the rule of reasonableness. It is eminently unjust for a court to compel a servient owner to tear down a structure, perhaps at great expense, for no other reason than the dominant owner’s caprice. If a servient owner decides to build a permanent above-ground structure in a dominant owner’s easement, he does so at the risk that a court may later find that structure to be unreasonable and compel him to remove it. But, he should remain free to assume that risk if he believes that he would prevail in such a lawsuit. Iq sum, there is no basis for overruling Nampa & Meridian.
Not only did the district court correctly apply the rule of reasonableness, it also reached the right result. RP & H argues, in a single paragraph, that the sign unreasonably interfered with its use of the easement. This contention is supported by nothing more than vague allegations that Allen and some unidentified customers hit the sign while backing away from the RP & H building, notwithstanding that they had between fifty and fifty-nine feet in which to do so. Allen admitted that any driver who looked where he or she was going could avoid the sign. These allegations do not create a genuine issue of material fact regarding the sign’s reasonableness, and therefore I would affirm the district court’s judgment.