## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 40672

| | | |
|---|---|---|
| TERRIE H. ROWLEY, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| v. | ) | Boise, January 2014 Term |
| | ) | |
| ADA COUNTY HIGHWAY DISTRICT, | ) | 2014 Opinion No. 44 |
| | ) | |
| Defendant-Appellant, | ) | Filed: April 8, 2014 |
| | ) | |
| and | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| CANUTA D. BOEREM, an unmarried individual; and CITY OF BOISE, | ) | |
| | ) | |
| Defendants. | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Michael E. Wetherell, District Judge

District court grant of summary judgment involving a walkway to Rowley, vacated and remanded.

Holland & Hart, LLP, Boise, for appellant.  A. Dean Bennett argued.

Givens Pursley LLP, Boise, for respondent.   Thomas E. Dvorak argued.

---

BURDICK, Chief Justice

Ada County Highway District ("ACHD") appeals the district court's grant of summary judgment to Terrie Rowley. This case concerns the ownership of a ten-foot-wide walkway in a Boise subdivision and arose after Rowley sought an injunction to remove a shed her neighbor placed on that walkway. The district court held that (1) the subdivision plats showed the original developers clearly and unequivocally dedicated the walkway to the public and (2) ACHD owns the walkway. ACHD appeals, arguing no evidence in the record shows the original developers clearly and unequivocally intended a public dedication and no statutory provision authorizes ACHD to own the walkway. Rowley contends that the original developers clearly intended a

1

public dedication as the walkway was a public street's corridor extension. We vacate and remand with directions to the district court to enter summary judgment in favor of ACHD.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This dispute concerns the ownership of a ten-foot-wide walkway in the Cherry Lane Subdivision in Boise. Rowley purchased a lot adjacent to the walkway in 1992. In 2012, Rowley filed a complaint against Canuta Boerem, her neighbor to the west, seeking an injunction to remove a shed Boerem placed on that walkway. Darold and Minerva Smith were the original owners and developers of the subdivision, which they platted in two steps: the first in 1950 ("1950 Plat") and the second in 1954 ("1954 Plat").

The Smiths filed the 1950 Plat on July 14, 1950. That plat identified lots, streets, and utility easements on the subdivision's north half, which included Blocks 1, 2, and the northern half of Block 3. The plat shows an unlabeled strip of property running north-south through Block 3. This strip is the ten-foot-wide walkway in dispute. Taggert Street runs north from the walkway's north terminus. The 1950 Plat stated that "[t]he owners do hereby dedicate to the use of the public forever all streets, not heretofore dedicated, as shown on this plat." This dedication language does not mention easements or rights-of-way. The 1950 Plat has a dashed line running along the back of each lot labeled "easement for public utilities." The Smiths also recorded Covenants, Conditions, and Restrictions ("CC&Rs").

The Smiths filed the 1954 Plat on March 22, 1954. The 1954 Plat identifies lots, streets, and utility easements on the subdivision's southern half, which included Blocks 4 and 5 and the southern half of Block 3. This plat also showed a strip of property that ran north-south through Block 3. However, in this plat the Smiths labeled the strip of land "Walk Way." The walkway ran perpendicular to and intersected the east-west streets of Dill Drive to the north and Kathryn Street to the south. Taggert Street runs north to the southern point of the walkway, stops at the walkway, and then continues north from the north end of the walkway. The 1954 Plat stated that "[t]he owners do hereby dedicate to the use of the public, forever, all streets and rights of way easements not heretofore dedicated as shown on this plat." The street and borders are marked with a solid line. The streets also have a center line that the walkway does not. The 1954 Plat's legend shows a dashed line symbol for public utility easements. Matching dashed lines appear on the plat and run along the back of each lot. The same day the Smiths recorded the 1954 Plat, they

2

also recorded CC&Rs. These CC&Rs reserved easements for installing and maintaining utilities, irrigation, and drainage facilities. The CC&Rs do not reference the walkway.

Rowley's complaint sought (1) a declaration that the walkway was a public right-of-way; (2) a decree that ACHD holds title to the walkway; (3) alternatively, a decree that the City of Boise owns the walkway; (4) a declaration that Rowley is entitled to own the walkway if either entity abandons it; and (5) an injunction that orders Boerem to remove the shed from the walkway. In response, ACHD filed a motion for summary judgment, arguing that the Smiths did not clearly and unequivocally dedicate the walkway to the public. The district court denied ACHD's motion and granted Rowley summary judgment on that issue. The district court also granted Rowley summary judgment on the issue of whether ACHD owned the walkway. ACHD then filed a motion to dismiss, or in the alternative a motion for rule 54(b) certification. After briefing, the district court certified its decision as final pursuant to I.R.C.P. 54(b). ACHD timely filed its notice of appeal.

## II. STANDARD OF REVIEW

We review a district court's conclusions of law de novo. *Ponderosa Home Site Lot Owners v. Garfield Bay Resort, Inc*. (*Ponderosa I)*, 139 Idaho 699, 700, 85 P.3d 675, 676 (2004). Therefore, on summary judgment this Court affirms when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). District courts may grant summary judgment to a non-moving party because a "motion for summary judgment allows the court to rule on the issues placed before it as a matter of law; the moving party runs the risk that the court will find against it . . . ." *Harwood v. Talbert*, 136 Idaho 672, 677, 39 P.3d 612, 617 (2001). When a court grants summary judgment to the non-moving party, this Court liberally construes the record in favor of the party who the trial court entered summary judgment against. *Id.* at 677–78, 39 P.3d at 617–18.

## III. ANALYSIS

Although ACHD moved for summary judgment, the district court granted summary judgment to Rowley. First, the court held that an express and common law dedication to the public existed because the Smiths showed a clear intent to dedicate the walkway to the public. Second, the court held that ACHD held title to the walkway because the walkway was conveyed

to ACHD by operation of law and ACHD had statutory authority to administer it. ACHD appeals these two conclusions.

**A. The district court erred when it held that the subdivision's original owners demonstrated clear and unequivocal intent to dedicate the walkway to the public.**

Dedication is setting real property aside for the use or ownership of others. *Armand v. Opportunity Mgmt. Co.*, 141 Idaho 709, 714, 117 P.3d 123, 128 (2005). Land can either be dedicated to the public or to private persons. *Ponderosa I*, 139 Idaho at 701, 85 P.3d at 677. Property is dedicated to the public by the common law or by statute. *Id*.

1. The original owners did not make a common law dedication to the public.

In this case, the district court held that the Smiths made an express and common law dedication to the public because they displayed a clear and unambiguous intent to dedicate the walkway to the public. The court held the Smiths' intent was clear based on the 1954 Plat's dedication language and emphasized that the walkway was "clearly marked, labeled, and set apart from the surrounding parcels."

Under the common law, a public dedication must satisfy a two-part test. *Id*. First, the landowner must clearly and unequivocally indicate intent to dedicate the land to the public. *Id*. Second, the public must accept the offer. *Id*.[1]

Courts determine whether a landowner's intent is clear and unequivocal by examining the plat and "the surrounding circumstances and conditions of the development and sale of lots." *Saddlehorn Ranch Landowner's, Inc. v. Dyer*, 146 Idaho 747, 752, 203 P.3d 677, 682 (2009) (quoting *West Wood Invs., Inc. v. Acord*, 141 Idaho 75, 87, 106 P.3d 401, 413 (2005)). Courts cannot presume a landowner's intent. *Saddlehorn Ranch Landowner's*, 146 Idaho at 752, 203 P.3d at 682. The party alleging that the owner intended to dedicate the land for public use bears the burden of proof. *Id*. Thus, the issue is whether Rowley showed that the Smiths clearly and unequivocally intended to dedicate the walkway to the public.

Our analysis centers on the 1950 and 1954 Plats. We examine a plat like a deed, applying the plain language if it is unambiguous. *Kepler-Fleenor v. Fremont Cnty.*, 152 Idaho 207, 212, 268 P.3d 1159, 1164 (2012). A plat subject to conflicting interpretations is ambiguous. *Id*. Whether a plat is ambiguous is a question of law subject to free review. *Id*.

---

[1] Acceptance is when lots are "sold or otherwise conveyed with specific reference to the apposite plat." *Worley Highway Dist. v. Yacht Club of Coeur d'Alene, Ltd.*, 116 Idaho 219, 225, 775 P.2d 111, 117 (1989). Here, the lots in both plats were sold with specific reference to the plat, and thus acceptance is not at issue.

4

Here, the dedication language is crucial. The 1950 Plat stated: "[t]he owners do hereby dedicate to the use of the public forever all streets, not heretofore dedicated, as shown on this plat." Thus, the plat dedicated only streets to the public; it did not dedicate any easements or rights-of-way. Conversely, the 1954 Plat stated: "[t]he owners do hereby dedicate to the use of the public, forever, all streets *and rights of way easements* not heretofore dedicated as shown on this plat." (emphasis added). The district court concluded that the Smiths' intent to dedicate the walkway was clear based upon the 1954 Plat's dedication language, reasoning that if the walkway was not dedicated to the public, the 1954 Plat's dedication language was "meaningless." The court stated:

> The language "all ... rights of way easements, not heretofore dedicated" would be meaningless if the grantors had not intended the "walk way" to be dedicated to the public. The only prior dedications, after, all, had taken place in the 1950 plat, which clearly stated "[t]he owners do hereby dedicate to the use of the public forever all streets, not heretofore dedicated, as shown on this plat." Because no other possible right of way easement is indicated in the 1954 plat, the only possible "right[] of way easement[] not heretorfore dedicated" is the walk way.

In other words, the district court held the Smiths must have intended to dedicate the walkway to the public because the walkway was the only possible "right of way easement not heretofore dedicated."

The premise that the dedication language was "meaningless" without the Smiths' intent to dedicate the walkway to the public impermissibly presumes the owner's intent. An owner's intent to dedicate land to public use "must be clearly and unequivocally shown and must never be presumed." *Lattin v. Adams Cnty.*, 149 Idaho 497, 502, 236 P.3d 1257, 1262 (2010) (quoting *State ex rel. Haman v. Fox*, 100 Idaho 140, 147, 594 P.2d 1093, 1100 (1979)). In *Lattin*, the developers filed a plat that depicted a road called Burch Lane, but did not identify that road as a public easement or right-of-way and instead identified it with only a road centerline. 149 Idaho at 501, 236 P.3d at 1261. The plat's dedication language stated "any right, title and interest that [the developers] may have in the road rights-of-way as shown on this plat . . . is hereby dedicated to the use of the public." *Id.* The County argued that Burch Lane was a public road because the developers must have intended a public easement or right-of-way somewhere on the map given the plat's language that dedicated rights-of-way to the public and the fact that the legend had a separate type of dotted line for public rights-of-way. *Id.* at 501–02, 236 P.3d at 1261–62. We noted that this interpretation was "unreasonable" and Burch Lane was not dedicated to the public

5

because the road was depicted identically to other private-road centerlines on the map and the plat did not specifically label Burch Lane using the dotted line style for easements or rights-of-way that was used in the legend. *Id*. Thus, despite the dedication language, the County could not presume the developers intended to dedicate Burch Lane because the developers did not label the road on the plat in a way that evidenced their clear and unequivocal intent.

Similarly, in *Ponderosa I*, this Court did not presume a developer's intent to dedicate a parcel when the plat provided no clear evidence of intent. 139 Idaho at 701–03, 85 P.3d at 677–79. There, the developers dedicated "to the public, for the use of the public as highways the roads shown upon this plat." *Id.* at 700, 85 P.3d at 676. The disputed parcel was labeled only as "Lake Access" and not specifically labeled as a road or a highway, and no other evidence of ownership was shown on the map. *Id.* at 701, 85 P.3d at 677. The district court had concluded that given insufficient evidence of private ownership, there was a public dedication because it was more probable than not that the developers intended the "Lake Access" to be a common law dedication to the public. *Id*. However, this Court characterized the district court's decision as a "default conclusion" and held there was no developer intent to dedicate the parcel to the public because the plat provided no explicit dedication for "Lake Access" and no other clues as to developer intent for the parcel. *Id*. at 701–03, 85 P.3d at 677–79. Therefore, *Ponderosa I* also shows a court cannot presume intent; courts need affirmative evidence of a developer's clear and unequivocal intent to dedicate land to the public.

Here, the 1954 Plat labeled the narrow strip of property dividing Block 3 as "Walk Way." Labeling a parcel without designating ownership or whether the parcel is public or private does not show intent to dedicate land to the public. The walkway was not labeled as a public walkway. It was also not labeled as an easement or right-of-way, despite the 1954 Plat language that dedicated "all rights of way easements not heretofore dedicated." Hence, the district court incorrectly presumed owner intent when it found that public dedication was the Smiths' only possible intent just because the walkway was labeled and there were no other "rights of way easements" evident on the plat.

Rowley argues that *Smylie v. Pearsall*, 93 Idaho 188, 457 P.2d 427 (1969), supports the district court's conclusion. She contends that *Smylie* is similar to this case because there the Court held the grantor intended to dedicate a parcel due to the subdivision's lay-out that showed the disputed parcel was a continuation of a driveway, which is similar in this case to how the

6

walkway appears to be a continuation of the street. In *Smylie*, this Court stated: "When an owner of land plats the land, files the plat for record, and sells lots by reference to the recorded plat, a dedication of public areas indicated by the plat is accomplished." 93 Idaho at 191, 457 P.2d at 430. However, as stated above, more recent case law clarifies that just filing the plat is not enough, public dedication also requires that the plat show the owners' intent clearly and explicitly. *Lattin*, 149 Idaho at 500–02, 236 P.3d at 1260–62. Thus, the law requires more to show a clear intent for a public dedication than just filing a plat with labeled areas. Accordingly, the holding in *Smylie* has been significantly narrowed by *Ponderosa I* and *Lattin*. The district court therefore erred when it held the walkway was a public dedication because otherwise the 1954 Plat language would be "meaningless."

In addition, the 1954 Plat's language is not "meaningless." This is because the language "all rights of way easements not heretofore dedicated" includes utility easements that were not dedicated in the 1950 Plat. After all, the 1950 Plat only dedicated *streets* to the public. Thus, the 1954 Plat dedicated all identified utility easements to the public because those were right-of-way easements that had not already been dedicated. Also, some utility easements in the 1954 Plat were not included in the 1950 Plat, so the owners dedicated the newly drawn easements in 1954. For example, an easement through lots 21 and 22 was not depicted on the 1950 Plat, but was depicted on the 1954 Plat. This means the 1954 Plat's language does not only refer to the walkway, so the language is not meaningless.

Rowley argues these easements were not included in the 1954 Plat's public dedication language because a utility easement is a private easement in gross for utility companies. She contends that the 1954 Plat's legend with a dashed line for public utility easements and the 1950 Plat's dashed line labeled "easement for public utilities" indicate these were private easements in gross. However, the 1954 Plat's dedication language indicates the opposite. That language states that the Smiths dedicated all "easements" to the public and these dashed lines were labeled in the 1954 Plat's legend as "public utilities easements." Rowley cites *Ross v. Dorsey*, 154 Idaho 836, 303 P.3d 195 (2013), to argue that dedicating private utility easements does not depend on the 1954 Plat's dedication language and instead depends on surrounding circumstances. In *Ross*, the Court recites the common law dedication standard and states that it must consider the development's surrounding circumstances. 154 Idaho at 842–43, 303 P.3d at 201–02. This is a correct statement of law, but Rowley provides no surrounding circumstances that contradict the

7

facts that the public utilities easements were labeled as easements and that the dedication language gives "all rights of way easements" to the public. Thus, Rowley's argument fails.

The walkway could still be a public dedication if the Smiths showed a clear and unequivocal intent to dedicate it to the public elsewhere on the plat. The district court emphasized that the walkway was "clearly marked, labeled, and set apart from the surrounding parcels" and "is just as clearly a public right-of-way as is a street, absent some reason to conclude otherwise." However, the plat markings do not show the Smiths' clear intent to dedicate the walkway to the public.

The walkway is not a street by name, nor is it wide enough to be a street. While a solid line delineates street and walkway borders, the streets also have a center line, which the walkway does not have. Thus, solid line borders do not make the walkway the same as the streets. Also, the lot lines in both plats are solid, and because the walkway goes between several lots it makes sense that its borders are solid. The solid lines are a result of lot demarcation, and not a display of the Smiths' intent to make the walkway a street extension. Thus, there is no clear and unequivocal intent that the walkway is a street or a continuation of a street.

Also, the walkway is labeled as a "Walk Way" without any additional indication of intent to identify it as a right-of-way easement consistent with other plainly delineated right-of-way easements. For instance, there is a dashed line symbol for easements in the 1954 Plat's legend. The walkway is not marked with this symbol. Because the walkway was not labeled as a street or right-of-way easement or otherwise, there is no evidence of a clear and unequivocal intent to dedicate the walkway to the public.

In addition to the plat, courts examine the "surrounding circumstances and conditions of the development and sale of lots." *Saddlehorn Ranch Landowner's, Inc. v. Dyer*, 146 Idaho 747, 752, 203 P.3d 677, 682 (2009). The surrounding circumstances include a subdivision's CC&Rs and its over-all development scheme. *Asbury Park, LLC v. Greenbriar Estate Homeowners' Ass'n, Inc.*, 152 Idaho 338, 343, 271 P.3d 1194, 1199 (2012). Here, the CC&Rs do not mention anything about the walkway. As discussed, the walkway's location in the subdivision does not show it is a continuation of a public street. Thus, there are not any surrounding circumstances to establish the Smiths had a clear and unambiguous intent to dedicate the walkway to the public.

An owner's intent is clear and unequivocal where there are no conflicting statements or contradictory documents. *See id.* at 344, 271 P.3d at 1200. A plat is only ambiguous when it

8

"equivocates as to whether the owner intended to dedicate the land." *Kepler-Fleenor v. Fremont Cnty.*, 152 Idaho 207, 211, 268 P.3d 1159, 1163 (2012). Here, no contradictory circumstances exist. The plat language does not equivocate; it dedicated streets and "rights of way easements" to the public. That language did not state that the walkway was dedicated to the public or that it was a street or right-of-way easement. Thus, there is nothing to suggest the Smiths' intent was ambiguous. Given this, the first step of the common law dedication standard fails and as a matter of law there is no common law public dedication. We therefore vacate the district court's grant of summary judgment to Rowley based upon a common law dedication.

2. The owners did not make a statutory dedication.

The district court decided the Smiths made a common law dedication, so it did not consider whether the Smiths made a statutory dedication. We now address whether a statutory dedication occurred. Rowley further argues that a statutory dedication existed based on her common law dedication arguments. We freely review the construction of a statute. *Lattin*, 149 Idaho at 500, 236 P.3d at 1260.

Statutory dedication is based on the statutes in effect when the owner dedicated the land. *Paddison Scenic Props., Family Trust, LLC, v. Idaho Cnty.*, 153 Idaho 1, 3, 278 P.3d 403, 405 (2012). In 1950 and 1954, two Idaho statutes were relevant. The first was section 49-2202:

> Certification of Plat—Donation of Streets and Alleys—. . . The correctness of said plat must be certified to by the surveyor making the survey . . . and the owner or owners of the land included in said plat shall also make a certificate containing the correct description of the land with the statement as to their intentions to include the same in the plat, and must also make a deed of donation of all streets and alleys, shown on said plat . . . .

> I.C.A. § 49-2202 (1932) (current version at I.C. § 50-1309).

The second was section 49-2205:

> Effect of acknowledging and recording plat.—The acknowledgment and recording of such plat is equivalent to a deed in fee simple of such portion of the premises platted as is on such plat set apart for streets or *other public use*; or as is thereon dedicated to charitable, religious or educational purposes.

> I.C.A. § 49-2205 (1932) (emphasis added) (current version at I.C. § 50-1312).

This statutory language requires that owners must provide a statement of their intent to include land in their plat and that land is dedicated when it is "set apart for streets or other public

9

use." The current relevant statutory language has requirements that are very similar.[2] This Court has stated that the language in the current statutes "requires a plat that unequivocally dedicates a road to public use." *Lattin*, 149 Idaho at 500, 236 P.3d at 1260. In *Lattin*, the Court reasoned that despite statutory amendments, "the plat has always had to demark public rights-of-way in order to dedicate them." *Id.* at 500–01, 236 P.3d at 1260–61. This Court also stated that "there is no reason why a statutory dedication in a plat would have to be less clear and unequivocal than a dedication by common law." *Id.* at 501, 236 P.3d at 1261. Thus, the 1950 and 1954 statutes also require an owner's public dedication to be clear and unequivocal. Here, because the Smiths did not specifically demark the walkway as a public walkway, right-of-way, or easement, the 1954 Plat does not show that the Smiths unequivocally dedicated the walkway to the public. The dedication language did not refer to the walkway and the plat did not show the owners clearly intended a public dedication. We find there is no statutory dedication to the public as a matter of law. Because we hold the Smiths did not clearly intend to make a statutory or common law dedication to the public, no dedication existed. We vacate the district court's grant of summary judgment to Rowley, and remand with directions to the district court to enter summary judgment in favor of ACHD. Thus, we do not reach the question of which entity owns the walkway.

**B. Whether Rowley is entitled to attorney fees on appeal.**

ACHD does not request attorney fees on appeal. Rowley argues she is entitled to attorney fees on appeal under I.C. § 12-117. We use a two-part test for I.C. § 12-117 on appeal: "the party seeking fees must be the prevailing party and the losing party must have acted without a reasonable basis in fact or law." *City of Osburn v. Randel*, 152 Idaho 906, 910, 277 P.3d 353, 357 (2012). Because Rowley is not the prevailing party, she is not entitled to attorney fees on appeal.

### IV. CONCLUSION

---

[2] I.C. § 50-1309. Certification of Plat—Dedication of Streets and Alleys . . .

The owner or owners of the land included in said plat shall make a certificate containing the correct legal description of the land, with the statement as to their intentions to include the same in the plat, and make a dedication of all public streets and rights-of-way shown on said plat, which certificate shall be acknowledged before an officer duly authorized to take acknowledgments and shall be indorsed on the plat.

I.C. § 50-1312. Effect of Acknowledging and recording plat

The acknowledgment and recording of such plat is equivalent to a deed in fee simple of such portion of the premises platted as is on such plat set apart for public streets or other public use, or as is thereon dedicated to charitable, religious or educational purposes.

We vacate the district court's grant of summary judgment to Rowley and remand this matter with directions to the district court to enter judgment in favor of ACHD. We award neither party attorney fees on appeal. Costs to ACHD.

Justices EISMANN, J. JONES, HORTON and Justice Pro Tem KIDWELL **CONCUR.**